## J. D. MOORE v. THE STATE.

### No. 6959.    Decided May 24, 1922.

**1.—Illegal Manufacture of Intoxicating Liquors—Continuance—Impeaching Testimony.**

In so far as the absent testimony was purely impeaching in its nature, the court was not required to continue the case for testimony of that character, and where the ownership of the still was not a controlling issue, and would not have likely produced a different result by the absence testimony, there was no error in overruling the application for continuance.

**2.—Same—Evidence—Conclusion of Witness—Recital of Facts.**

Upon trial of illegal manufacture of intoxicating liquor, there was no error in permitting the state's witness to testify that defendant and another were running off whisky from the still, and that another brought whisky to the house, etc. This was not a conclusion of the witness but a recital of the facts.

**3.—Same—Evidence—Conclusion of Witness.**

Where the witness gave all the facts, and the jury were in a position to draw their own conclusions as to whether the witness was referring to the whisky still then being in operation or not, there was no error in refusing to permit the witness to state as to what he understood about the matter.

**4.—Same—Evidence—Asking Question—Practice in Trial Court.**

Where the witness answered the question in the negative, with reference to certain witnesses being married, and the incident appearing to have stopped at that point, the mere asking of the question was not such an error as would require a reversal.

**5.—Same—Evidence—Moral Turpitude—Other Offenses—Witness.**

While it was pertinent as to whether witness was under indictment, this court is unable to see why the trial court should have permitted proof that other parties who were not witnesses in the case were also under indictment for felony, and the court correctly declined to permit such evidence to be introduced.

**6.—Same—Accomplice—Charge of Court.**

Where, upon trial of unlawful manufacture of intoxicating liquor, the court gave a correct charge on accomplice testimony, there was no reversible error on that ground.

**7.—Same—Credibility of Witness—Charge of Court—Inadvertence.**

While appellant was testifying in his own behalf, he admitted upon cross-examination that he had been indicted in Franklin County, for having whisky in his possession; that he was convicted and the case was now on appeal, but that he had never been indicted in Titus County; but had also been indicted in Bowie County, And the court in his charge, limiting the testimony to the credibility of witness, inadvertently included Titus County, there was no reversible error under the facts of the instant case.

Appeal from the District Court of Bowie.   Tried below before the Honorable P. A. Turner.

Appeal from a conviction of the illegal manufacture of intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the unlawful manufacture of intoxicating liquor.   Punishment assessed at two years confinement in the penitentiary.

The officers had received information in some way that a still was in operation upon or near the premises occupied by one E. A. Cox, and upon search discovered it on a branch about three hundred yards from his residence.   It is not necessary to describe the outfit but the evidence shows it to have been a complete whisky making apparatus. No one was near at the time it was discovered by the officers, but it showed to have been recently used.   The officers went to Cox's house and took him to the place where the still had been found and he there admitted that a churn, bucket, grubbing hoe and some other articles belonged to him.   He disclaimed ownership of the still.   He denied knowledge of how the implements belonging to him had gotten from his house to where they were found.   Cox testified that he knew appellant and one Pearl Miller, who had been introduced to him by Hicks, a brother of Mrs. Miller, as husband and wife, and that he had believed them to be husband and wife up to about the time the still was found by the officers.   He claims that appellant had on more than one occasion tried to get his (witness') consent to place a still on his premises, but that he had declined to give his consent, thereto, and did not know that Moore had located the still there until the day before the officers found it; that after having learned the still was on his place, and on the night before the search was made by the

officers he had gone to where the still was being operated by appellant and Pearl Miller and made a protest against them making whisky on his premises: that in reply to his protest they had told him that they would sell the whisky and give him half of the money received by them from the sale, after which he aided them in the manufacture. Two little girls of witness Cox testified that on the afternoon preceding the finding of the still the next morning that the Miller woman had come to their house and brought some whisky in a glass. They smelled and tasted of it and went down to where the still was in operation, and that appellant and Pearl Miller were there making whisky at the time. The Miller woman and appellant denied that they had anything to do with the operation of the outfit and denied knowledge of its presence. Appellant testified that Cox had on more than one occasion tried to induce him to go into the whisky making business but that he had declined to do so. Other witnesses introduced by appellant testified that Cox had also made a proposition to them to engage in the manufacture of whisky and had pointed out a place to one of them as being a good location for a still; that this identical location was where the still was afterwards found. Another testified that Cox had offered to give him a drink of whisky, and another that he had bought whisky from Cox twice, but that the date of the purchase was subsequent to the time the officers found and carried away the still.

Appellant made application for continuance on account of the absence of George Hicks. Assuming diligence to be sufficient, we are of opinion no reversible error is shown in denying the application. It is alleged that Hicks would have testified that he and Cox jointly rented the place where the still was found for the year 1921: that in the early part of the year Cox proposed to Hicks that they together set up a still and make whisky on the place: that Hicks declined and broke off the joint agreement to farm the land. It is claimed the evidence was material in that Cox would deny having made such a proposition to Hicks or anyone else, and that Hicks' testimony would not only go to impeach Cox, but would also tend to establish that Cox was the owner of the still. In so far as the absent testimony was purely impeaching in its nature the court was not required to continue the case for testimony of that character. See Section 324, page 190, Branch's Ann. P. C. for authorities. We do not regard the ownership of the still as a controlling issue. Cox admitted his connection with the manufacture of the whisky, making himself a principal in the offense, and the court charged the jury that he was an accomplice witness. Admitting that Hicks would have testified to all it is claimed he would it could have shed no light on the State's contention that appellant was operating the still, nor would it have tended to negative that fact. We do not believe the absent testimony would likely have produced any different result.

We find no error in the court permitting witness Cox to testify that appellant and Pearl Miller were "running off whisky from the still," nor in permitting Isla and Thelma Cox to testify that Pearl Miller brought "whisky" to the house from the still and that they went down to the still and saw appellant and Pearl Miller making "whisky". Under the facts stated by the witnesses such testimony was not subject to the objection that it was only stating their conclusion. It appears to us to have been the recital of a fact known to them.

George Arringon testified for appellant that some time previous to finding the still Cox had asked him (Arrington) on two occasions if he did not want to go into the business of making whisky and operating a still, and insisted on him doing so, which the witness had declined to do; that some week or ten days later witness again saw Cox who stated to him that "he had that thing running now." Appellant then sought to have the witness state to the jury that he "understood Cox meant he then had the still in operation." The court committed no error in refusing to permit him to so state. The witness gave all the facts and the jury were in a position to draw their own conclusions as to whether Cox was referring to the still then being in operation.

Cox testified that appellant and Pearl Miller had been introduced to him as husband and wife by George Hicks, a brother of Pearl Miller. While the latter was upon the witness stand she denied that such an introduction had ever been given or that she and Moore had at any time passed themselves off as husband and wife. She was then asked by the district attorney the following question—

"Don't you know you did pass off as man and wife in Texarkana and don't you know that deputy sheriff Jordan caught you and him (Moore) in bed together at the Puckett rooming house in Texarkana?"

The witness denied that such an incident had occurred and asserted that she did not even know there was such a rooming house in Texarkana. It appears from the bill of exception that the district attorney then asked deputy sheriff Jordan in the presence of the jury if that was not the name of the place, but it does not appear from the bill that the deputy sheriff made any reply to the question whatever. The witness having answered the question in the negative, and the incident appearing to have stopped at that point, we are not inclined to hold that the mere asking of the question was such an error as would require a reversal. The evidence shows that appellant and Mrs. Miller were together very much of the time, and would frequently be seen going to and returning from the place where Cox lived.

Marion Sewell (a witness for appellant) admitted, in reply to a question by the district attorney, that he was then under indictment for the offense of rape upon a girl under the age of consent. Appellant then undertook to show by the witness that indictments were pending against six other parties for rape upon the same girl, and

also sought to introduce the indictments against these other parties. The court declined to permit this evidence to go before the jury. It was pertinent as bearing upon the credibility of the witness Sewell to show that he was under indictment for statutory rape, but we are unable to see why the court should have permitted proof that other parties who were not witnesses in the case were also under indictment for rape upon the same girl. The court correctly declined to permit such evidence to be introduced.

Appellant excepted to the charge upon accomplice testimony. The jury were told directly that the witness E. A. Cox was an accomplice which was followed by a charge which has been approved by this court in many cases. The objection that the charge as given was not a direct application of the law to the facts we do not regard as tenable.

While appellant was testifying in his own behalf he admitted upon cross-examination that he had been indicted in Franklin County for having whisky in his possession, had been tried and convicted, and that the case was at that time pending on appeal; that he had never been indicted in Titus County; that he had been indicted in Bowie County for having whisky in his possession. The court charged the jury substantially: that if they believed appellant had been convicted of a felony in the District Court of Franklin County, or had been indicted in Bowie County or *Titus* County for a felony they could consider it only as they might believe it affected the credibility of the witness. Appellant excepted to the charge because there was no evidence that appellant had ever been indicted for a felony in *Titus* County. In explanation of the bill presenting this matter the learned trial judge said he understood the witness to say that he had been indicted in Titus County for a felony and based the charge upon a misunderstanding as to the answer of the witness. There was no other testimony upon the issue as to whether appellant had ever been indicted in Titus County. There was no evidence upon which the jury could have based a finding that he had been indicted for a felony in that county, and the charge as framed told the jury if they believed he had been therein indicted, or had been indicted for felonies in other counties that they could consider it only upon the issue of his credibility. We have been unable to reach the conclusion that erroneously including Titus County in the charge could have in any way operated to the injury of appellant. The jury was bound to have understood that the court was directing them that although they might find that indictments had been returned against appellant for other felonies they could consider it only as they might regard the fact as bearing upon his credibility as a witness in the case then upon trial.

We have examined all other questions raised by the record, none of which appear to present anything calling for a reversal.

The judgment will be affirmed.

*Affirmed.*