RHO MEANS v. THE STATE.

No. 7048.    Decided October ·11, 1922.

**1.—Carrying Pistol—Affidavit—Information—Jurat.**

Where the jurat on the affidavit was insufficient, the same not being signed by the party making the affidavit, and containing no date, and the court allowed the officer who took the complaint to amend his jurat by inserting the omitted date, and to permit the party to insert his name in the jurat, proof having been made of the fact, and said complaint was sworn to on the date inserted, there was no error.    Following Scott v. State, 9 Texas Crim. App., 434, and other cases.

**2.—Same—Swearing—Party to Affidavit.**

The fact that the maker of the affidavit did not hold up his hand when sworn would not invalidate the complaint.

**3.—Same—Continuance—Practice in Trial Court.**

Where the trial judge offered to postpone the trial until the absent witness could be procured on the next morning, but defendant preferred to go on and finish the case, there was no error in overruling the motion for continuance.

**4.—Same—Witness—Moral Turpitude.**

A witness may be asked while on the stand if he has not been indicted and tried for a felony.

**5.—Same—Evidence—Objectionable Question.**

Where the answer of the witness could in no event be objectionable, there was no error; besides, the mere asking of an objectionable question was not reversible error.    Following Moore v. State, 241 S. W. Rep., 475.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of ·unlawfully carrying the pistol, the evidence sustained the conviction, there was no reversible error.

Appeal from the County Court of Nacogdoches.    Tried below before the Honorable J. H. Marshall.

Appeal from a conviction of unlawfully carrying a pistol; penalty, of fine of $100.

The opinion states the case.

*Russell & Seale*, for appellant.—Cited Huff v. State, 102 S. W. Rep., 407; Crockett v. State, 205 id., 987; Bogus v. State, 203 id., 597.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Nacogdoches County of unlawfully carrying on and about his person a pistol, and his punishment fixed at a fine of $100.

Appellant moved to quash the State's pleadings consisting of an affidavit and information because of the fact that the jurat to the affidavit was insufficient, same not being signed by the party making the affidavit and containing no date. The court below allowed the officer who took the complaint, to amend his jurat by inserting the omitted date, and further allowed the party making said complainant to insert his name in said jurat, proof having been adduced of the fact that said complaint was sworn to on the date inserted. These amendments were made before verdict. This seems uniformly held to be correct practice. Scott v. State, 9 Texas Crim. App., 434; Allen v. State, 13 S. W. Rep., 998; Neiman v. State, 29 Texas Crim. App., 361; Flournoy v. State, 51 Texas Crim. Rep., 29; Sanders v. State, 52 Texas Crim. Rep., 156; Cubine v. State, 68 Texas Crim. Rep., 99. We do not regard the fact that the maker of the affidavit did not hold up his hand when sworn, of such materiality as would invalidate the complaint.

A continuance was sought by appellant to obtain the testimony of Genie Beeman. Said witness lived in the county of the prosecution some sixteen miles from the county seat. The bill of exceptions presenting this matter is qualified by the county judge, who states that before the trial was concluded he offered to postpone such trial until the next morning when said witness would be present, but that appellant preferred to go on and finish the case that evening. This is not controverted. Appellant is deprived of any right to complain further. Branch's Ann. P. C., Sec. 326.

That a witness may be asked while on the stand if he has not been indicted or tried for a felony, is too well settled to need discussion.

By bill of exceptions No. 4 complaint is made of the question propounded to witness Polk: "You were turned loose on a technicality," and also of the answer "I was turned loose by the jury," the objection being that this was all done for the purpose of creating prejudice against said witness in the minds of the jurors. The answer of the witness quoted could in no event be objectionable, and we have held that the mere asking of an objectionable question is not reversible error. Moore v. State, 92 Texas Crim. Rep., 48, 241 S. W. Rep., 475.

The sufficiency of the evidence is assailed. There seems no controversy over the fact that on the night of the commission of the alleged offense certain officers appeared at a place where appellant and other negroes were assembled, and that appellant went around beyond a certain horse and dropped a pistol on the ground, where it . was found by the officers. Each of the negroes present denied any ownership of the pistol or any connection therewith. On the trial appellant and one Ems Polk, the latter being one of the negroes in said party, both testified that on the night in question they were on Polk's place drinking shinny when said officers appeared. That

shortly prior thereto appellant had proposed to trade for a pistol belonging to Polk, and the latter went to his house and brought said pistol out and exhibited it to appellant who had it in his possession at the time the officers appeared, and testified that he did not want to be found with it in his possession and that he stepped around the horse and threw it upon the ground. The sheriff and his deputy both testified that they asked each of the negroes in the party relative to the pistol and each and all of them denied any knowledge of or ownership thereof. By agreement of parties an oral charge was given to the jury on the trial, of which no complaint appears in the record, and we must therefore infer that the court properly charged on every defensive issue raised by the testimony, and that under appropriate charges the jury have found against appellant. If the testimony of appellant and Polk as given on the trial be true, their statements made to the officers on the night of the alleged offense were false, and *vice versa*. The credibility of witnesses is always for the jury. It being admitted that appellant and his witness had made false statements about said pistol and how appellant came to be with it on the night in question, we do not believe it would be just to say that the jury in declining to accept the statements of appellant and Polk while witnesses, acted from passion or prejudice or without evidence. It is commonly believed that if a man will falsify on one occasion his testimony may be looked upon with suspicion and unbelief, upon another.

Being unable to conclude that the verdict is without support in the evidence, and finding no reversible error in the record, the judgment will be affirmed.

*Affirmed.*