## Pearl Sanders v. The State.

No. 3901. Decided November 20, 1907.

**1.—Local Option—Complaint—Jurat—Amendment.**

Where upon trial for a violation of the local option law, the county attorney, by mistake, used a date in the jurat of the complaint which was prior to the date of the alleged offense set out in the complaint, there was no error in allowing the amendment of the date in the jurat, to comport with the facts and the date set out in the complaint.

**2.—Defendant as a Witness—Impeachment.**

Where upon trial for a violation of the local option law, defendant took the witness stand and testified in his own behalf, there was no error that the State on cross-examination brought out the fact that defendant in other prosecutions growing out of the same transaction had not taken the witness stand to contradict the testimony of a State's witness who did testify in said other cases, and who had since died.

Appeal from the County Court of Smith. Tried below before the Hon. J. A. Bulloch.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $40 and twenty-five days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant made a motion to quash the complaint upon the ground, as set out, of the commission of the offense at an impossible date. It is made to appear that the jurat to the complaint was taken by Roy Butler, county attorney, on the 31st day of January, 1906, alleging the offense to have been committed on the 23rd of June, 1906, several months after the jurat purports to have been attached to the complaint. It was made to appear to the court that on the 2nd day of February, 1907, the complaint was filed alleging the offense to have been committed on the 23rd of June, 1906. That the party signing it, Norris, did in fact sign it on the 30th day of January, 1907, and that by mistake he, Roy Butler, as county attorney used the date 1906 instead of 1907; whereas, in truth and in fact it was subscribed and sworn to on the 31st day of January, 1907, and not the 31st day of January, 1906. On this showing the county judge permitted the jurat to be amended so as to show that the jurat was based on the complaint in January, 1907, instead of January, 1906. This ruling of the county judge was in consonance with the adjudicated cases in this State. See Flournoy v. State, 51 Texas Crim. Rep., 29; 100 S. W. Rep., 151; Allen v. State, 13 S. W. Rep., 998. These cases, as we understand them, are in point and decisive of the question adversely to appellant.

Appellant testified in his own behalf. On cross-examination he was asked, and required to answer in the affirmative, the following question: "Is it not a fact that one John Rountree, now dead, on the occasion of two former trials of cases growing out of the sale of beer from the same box and at the same time, testified that he, John Rountree, did not receive any money from Joe Howard, for the beer in question, and he, John Rountree, did not deliver said beer to the said Joe Howard, but that you, defendant, delivered it to him; and is it not a further fact that you, defendant, did not take the stand as a witness and deny the said statements of John Rountree?" Exception was reserved and the bill is qualified by the court as follows: "Defendant did testify in this case. And on former trials, one case was tried, defendant convicted, and appealed; in the other case a new trial was given and in neither of the former cases did he testify, and all of the cases grew out of sales from the same case, or box of beer, as he was being tried for in this case,—the sales being to different parties. Rountree, who was at the trial of this case and now dead, testified in former trials that defendant delivered the whisky in person to witness in this case, among others, and sold on this occasion."

The objection urged is, that the defendant in a criminal case cannot

be called upon to testify, and his failure to testify cannot be taken as a circumstance against him, nor be referred to by State's counsel in any manner, and if, on a subsequent trial of said cause, the defendant should take the stand, he cannot be called upon and required by law to answer questions touching his failure to take the stand as a witness in his own behalf in former trials. We have not the benefit of brief, or authorities in support of these grounds or contentions, but as this bill presents the matter, we are of opinion that there is no error. It seems from the facts in the case, as well as from the statement in the bill of exceptions, that there had been some bottles of beer sold by appellant to different parties, all coming out of the same box; and at least, that three prosecutions grew out of these sales, this being one, a new trial having been granted in one, and a conviction and appeal in the other. Rountree, it seems, was a witness in the other two cases when tried and had died, therefore not used as a witness in this case. Defendant did not testify in the former trials, but after Rountree's death, testified in this case.

We are of opinion that it was legitimate to prove that he had not testified in the other cases. They were closely identified with this case, growing out of the same transaction and it was a legitimate attack upon his testimony in this case, that he had waited until the death of the State's witness, Rountree, before testifying. We have not found this direct question adjudicated, but we are of opinion that it was a legitimate way of impeaching appellant's testimony. The statute inhibiting a reference to the failure of defendants to testify, refers to a case on trial in which he had not testified. That ground of objection could not apply here, because appellant took the stand and testified.

As the matter is presented, we are of opinion that this point is not well taken. The judgment is affirmed.

*Affirmed.*

Henderson, Judge, absent.