## Ex Parte C. G. Thomas.

No. 4302.　Decided February 26, 1908.

**Habeas Corpus—Extradition—Executive Warrant—Complaint.**

Where upon habeas corpus proceedings, the record showed that the executive warrant issued by the Governor of the State in which relator sought refuge, did not name the offense for which it is claimed relator had been indicted in the demanding State, nor that the same was accompanied by, nor is there attached thereto, either an indictment or a complaint which discloses the nature of the offense with which relator is charged, such executive warrant was insufficient to hold relator under subdivision 2 of article 254, Code Criminal Procedure.

Appeal from the Criminal District Court of Dallas.　Tried below before the Hon. W. W. Nelms.

Appeal from an order remanding relator, who was arrested under extradition warrant, to the custody of the sheriff, on proceeding by habeas corpus.

The opinion states the case.

*Wasson & Williams,* for relator.—Cited authorities in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Relator C. G. Thomas is being held by A. L. Ledbetter, sheriff of Dallas County, by virture of a warrant issued by W. M. Edwards, justice of the peace of precinct No. 1 in Dallas County, Texas, charging him with the offense of disposing of mortgaged property. He made application for a writ of habeas corpus to Hon. W. W. Nelms of the Criminal District Court of Dallas County, Texas, who, on hearing, remanded him into custody. The appointment of Mike D. Casey as agent of the State of Oklahoma to receive relator recites that he was charged with the crime of obtaining money under false pretenses. The executive warrant issued by T. M. Campbell, Governor of Texas, recites, "Whereas, it has been made known to me by the Governor of the State of Oklahoma that C. G. Thomas stands charged by indictment before the proper authorities, with the crime of ——, committed in said State," etc. The contention is made by counsel for relator that the executive warrant issued by Governor Campbell and displayed to the court is fatally defective in that same does not name the offense for which it is claimed relator has been indicted in Oklahoma, nor is same accompanied by, nor is there attached thereto either an indictment or a complaint which discloses the nature of the offense with which relator is charged. We think this contention must be sustained, and that relator is entitled to his discharge. Subdivision 2 of article 254 of our Code of Criminal Procedure, provides, as follows: "It (referring to the warrant of arrest), must state that the person is accused of some offense against the laws of the State, naming the offense." The law in respect to the sub-

ject of extradition provides for the issuance of a warrant of arrest by the governor. It does not in terms make any exception to the matters required in the general definition of warrants of arrest given in article 254. It could not have been intended that the warrant of arrest, which the governor is authorized to issue, the effect of which would be not only to authorize the capture and detention of a citizen, but his removal beyond the limits of the State should be less particular than is required in the ordinary processes of our own State. Particularly is the point here made applicable, for that in the warrant of arrest issued by the justice of the peace, the offense of which relator is said to be charged is named as that of disposing of mortgaged property, whereas the offense named in the appointment of the agent by the governor of the State of Oklahoma is obtaining money under false pretenses. When the governor in his warrant comes to name the offense with which relator is charged, no offense is named. We think the authorities cited by appellant's counsel fully sustain his contention. See article 254, subdivision 2, Code of Criminal Procedure; Bishop's New Criminal Procedure (4th ed.), 187, 227, 228; Ex parte Cubreth, 49 California, note sec. 4; 57 Amer. Dec., 398; Brown's case, Amer. Rep., 114; 19 Cyclopedia of Law and Procedure, 93; Ex parte Thornton, 9 Texas, 635; and Ex parte Stanley, 25 Texas Crim. App., 372.

The detention of relator being under process invalid in this State, the judgment is reversed and he is ordered discharged.

*Relator discharged.*