### WILL CUBINE y. THE STATE.

#### No. 1994. Decided November 6, 1912.

#### Rehearing denied December 4, 1912.

**Local Option—Affidavit—Jurat—Amendment.**

Where the jurat to a complaint in the County Court was defective in not stating the year in which it was made, and the court upon request of the county attorney granted permission to the officer to amend and correct his jurat in this respect, there was no error. Following Scott. v. State, 9 Texas Crim. App., 434, and other cases.

Appeal from the County Court of Fannin. Tried below before the Hon. Rosser Thomas.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $30 and thirty days confinement in the county jail.

*Will Cubine,* for appellant.—Cited Lanham y. State, 9 Texas Crim.

App., 232; Huff v. State, 23 id., 291; Article 598, Code Criminal Procedure.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited Flournoy v. State, 51 Texas Crim. Rep., 29, and cases cited in the opinion.

HARPER, JUDGE.—Appellant was prosecuted and convicted of violating the local option law, and his punishment assessed at a fine of thirty dollars and thirty days imprisonment in the county jail.

There is no statement of facts accompanying the record, consequently there is but one question presented that we can review, and that is presented in bills of exception Nos. 1 and 2. It appears that when complaint was filed the officer in affixing his jurat left off the year, the jurat reading: "Subscribed and sworn to before me this 31st day of August, A. D. 190..." The county attorney, before trial, requested the permission of the court to have the officer amend and correct his jurat, which leave was granted by the court, and the officer before whom the complaint was sworn to amended his jurat to read as follows: "Subscribed and sworn to before me this 31st day of August, 1911." This was permissible, and the court did not err in permitting the jurat to be amended. Scott v. State, 9 Texas Crim. App., 434; Allen v. State, 28 Texas Crim. App., 531, 13 S. W. Rep., 991; Neiman v. State, 29 Texas Crim. App., 360; Sanders v. State, 52 Texas Crim. Rep., 156.

The judgment is affirmed,

*Affirmed.*

[Rehearing denied December 4, 1912.—Reporter.]