## EX PARTE JUD HANCOCK.

No. 3322.    Decided October 21, 1914.

**Extradition—Plea of Not Guilty.**

In an extradition proceeding, relator's testimony that he is not guilty of the offense charged is not an issue in the case; this must be tried in the court where the offense is pending. Following Ex parte Stanley, 25 Texas Crim. App., 372.

Appeal from the District Court of Montague. Tried below before the Hon. C. F. Spencer.

Appeal from an extradition proceeding remanding relator to the custody of the proper officer.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was arrested under a complaint charging him with being a refugee from justice. Upon a trial, the justice of the peace entered a judgment remanding him to the custody of the officer. He sued out a writ of habeas corpus before Hon. C. F. Spencer, judge of the District Court of the Sixteenth Judicial District. Upon hearing the application, Judge Spencer remanded him to the custody of the officers. It is made to appear by the record that between the time of his arrest and the hearing had before Judge Spencer, His Excellency, Governor O. B. Colquitt, on the requisition of the Governor of Oklahoma, had granted extradition papers and ordered delivery of relator to J. W. Biffle, the agent of the Governor of Oklahoma, to be by him taken back to stand trial for an offense pending in that State.

The only evidence offered by appellant is, he testified he was not guilty of the offense charged. This issue will not be tried here, but can be tried in the court where the offense is pending. The questions herein raised were discussed, and disposed of adversely to appellant's contention in the case of Ex parte Stanley, 25 Texas Crim. App., 372, and relator is remanded.

Affirmed.

*Affirmed.*