### BULLIE ROSEBUD v. THE STATE.

#### No. 5793.   Decided April 28, 1920.

**Carrying Pistol—Insufficiency of the Evidence—Rules Stated.**

It is the unbroken line of authority in this State that a party has a right to carry his pistol to his residence, or place of business under legitimate circumstances, and where, in the instant case, the evidence showed that the defendant got the pistol from his brother to whom he had loaned it and carried it thirty miles to his home, it would not constitute a violation of the law.

Appeal from the County Court of Nacogdoches.   Tried below before the Honorable J. M. Marshall.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $250.

The opinion states the case.

*S. M. Adams,* for appellant.—Cited:  Campbell v. State, 58 Texas Crim. Rep., 349; Ballard v. State, 167 S. W. Rep., 340; Wilson v. State, 216 S. W. Rep., 881.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited: Taylor v. State, 77 Texas Crim. Rep., 587; Williams v. State 74 id., 639; Pecht v. State, 82 id., 136; Campbell v. State, 58 id., 349.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for violating the law prohibiting the carrying of arms.

The evidence relied upon by the State shows that appellant was traveling the public highway, stopped to buy water melons, and at the time discovered something wrong with his auto.  In order to rectify this he secured from under the seat of the auto the necessary tools.  In doing so he took a pistol from the box and placed it on the seat of his car.  At this juncture the State's witness Christian saw the pistol.  The evidence further shows that appellant lived in Nacogdoches, and was a jitney driver, and operated his car for hire; that he had gone from Nacogdoches to Alto, a distance of thirty miles, where he spent the night, and on the following day returned to Nacog-

doches.  A party accompanied him in the car from Alto to Nacogdoches.  The evidence further discloses that when appellant was prepared to leave Alto for his home at Nacogdoches he went to his brother's place of business and got his, appellant's, pistol.  The brother had had it for about three months; that he placed the pistol under the seat of his car to carry it to his home in Nacogdoches.  En route home and within about four miles of Nacogdoches, meeting a party with melons he stopped to purchase some.  This is the substance of the facts.

It is the unbroken line of authority in this State that a party has a right to carry his pistol home, to his residence or place of business under legitimate circumstances.  If appellant got the pistol at Alto from his brother, to whom he loaned it, and carried it thirty miles to Nacogdoches, it would not constitute a violation of the law.  It is unnecessary to discuss the question as to whether he was a traveler or not.  He had a right to take his pistol home, and this would not be violative of the statute.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*