### EX PARTE P. L. ROSELLE.

No. 5827. Decided May 5, 1920.

Rehearing Denied June 9, 1920.

1.—Habeas Corpus—Extradition—Warrant of Arrest—Acting Governor.

Where in extradition proceedings the warrant was signed by the acting Governor of this State, and duly certified to by the Secretary of State, of which this court has judicial knowledge, the presumption is in favor of the regularity of the officers, and in the absence of some showing to the contrary, such acts will be upheld.

**2.—Same—Rehearing—Burden of Proof.**

The burden is on appellant to show, where the warrant of arrest is duly signed and attested by the Acting Governor of Texas is in evidence and makes a *prime facie* case, that the same was not in accord with the facts.   Following Ex parte· Stanley, 25 Texas Crim. App., 378, and other cases.

**3.—Same—Jurat—Justice of the Peace—Affidavit—Warrant.**

The objection to the jurat of the Justice of the Peace affixed to the affidavit, a copy of which accompanied the warrant of the Governor of Texas, and which affidavit is certified to by the Governor of the demanding· State as authentic, will not be considered on appeal; the affidavit showing on its face that it was regular, and a technical defect would not vitiate it, or even a substantial defect.   Following Ex parte Coleman, 53 Texas Crim. Rep., 99, and other cases.

**4.—Same—Evidence—Certified Copy—Complaint—Indictment—Warrant.**

It has been held that it is not necessary that there be a certified copy of the complaint or indictment accompanying the Governor's warrant. Following Ex parte Cheatham, 50 Texas Crim. Rep., 53, and it was, therefore. immaterial to permit testimony as to the definition of forgery in the demanding State.

Appeal from the Criminal District Court of Harris.   Tried below before the Honorable C. W. Robinson.

Appeal from an extradition proceedings under *habeas corpus,* surrendering relator to the demanding State.

The opinion states the case.

*Heidingsfelders,* for relator.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—This is an appeal from a judgment of the Criminal District Court of Harris County, remanding appellant to the custody of certain officers of that county, and directing that he be forthwith delivered to the extradition agent of the State of Wyoming.

On April 12, 1920, a warrant issued from the office of the Governor of Texas, duly reciting that appellant stood properly charged by affidavit, with the offense of forgery in the State of Wyoming, and that demand had been made, in accordance with the laws of the United States, and of this State, for the delivery of appellant to a named officer of said State of Wyoming, to be by him extradited.   The application for the writ of *habeas corpus* seems to set up that appellant was detained without any warrant or due process of law, it being stated therein that he was held under a telegram from a Wyoming officer.   The application was dated April 7, 1920.   A hearing was had in the court below, and judgment rendered remanding appellant

on April 13, 1920; and the warrant above referred to seems to have been offered in evidence. We think the judgment of the trial court correct. Said warrant was signed by W. A. Johnson, Acting Governor, and duly certified to by the Secretary of State. This Court judicially knows that W. A. Johnson is the duly elected and qualified Lieutenant Governor of Texas, and that he has authority, and is required, in the absence or inability of the Governor, to act as governor of the State. The presumption is in favor of the regularity of the acts of the said Johnson as Acting Governor, and in the absence of some showing to the contrary, such acts will be upheld.

The objections to the jurat to the complaint against appellant, are not matters which we can consider.

The judgment of the trial court is affirmed.

*Affirmed.*

### ON REHEARING.

### June 9, 1920.

LATTIMORE, JUDGE.—In a motion for rehearing, it is insisted that we were in error in upholding the action of the lower court in remanding appellant to the custody of the officers who held him under a warrant issued by W. A. Johnson, Acting Governor of Texas, upon a requisition from the Governor of Wyoming. No authorities are cited intimating the incorrectness of our holding originally in this regard. The warrant is regular on its face, is signed by W. A. Johnson, Acting Governor, is attested by the great seal of Texas, and the signature and seal of the Secretary of State of Texas. The burden is on the appellant to show that this *prima-facie* case of regularity was not in accord with the facts, and such burden is not met by any showing in this case. We think the regularity of the acts of the Acting Governor is to be presumed in the absence of any affirmative attack and showing relative thereto. Ex parte Stanley, 25 Texas Crim. App., 378; Ex parte White, 39 Texas Crim. Rep.. 499; Ex parte Hancock, 75 Texas Crim. Rep., 71, 170 S. W. Rep., 145.

The objection to the jurat of the justice of the peace, affixed to the affidavit, a copy of which accompanied the warrant of the governor, and which affidavit is certified by the Governor of Wyoming as authentic, will not be considered by us. Said affidavit shows upon its face that it was made before one of the justices of the peace of Platte County, Wyoming, and nothing appears on the part of appellant, or anywhere in the record, showing that in the State of Wyoming, a complaint sworn to before a justice of the peace is void, unless the justice states in his jurat the number of his precinct, etc. If there be a technical defect in the jurat, the same might be amended. Cubine v. State, 68 Texas Crim. Rep., 99, 151 S. W. Rep., 301; Saunders v. State, 52 Texas Crim. Rep., 156; Flournoy v. State, 51 Texas Crim. Rep., 29. This Court will not discharge a fugitive from

justice upon the ground even of substantial defects in the pleadings of the State under the law of the demanding State. Pearce v. State, 155 U. S., 311; Ex parte Coleman, 53 Texas Crim. Rep., 99; Ex parte Pearce, 32 Texas Crim. Rep., 307.

That the prosecuting attorney of Wheatland, Wyoming, was permitted to state that under the statutes in that State, one who had uttered or passed a forged instrument, would be deemed guilty of forgery, was immaterial, and would not call for any revision of the action of the trial court in remanding appellant. The hearing was before the court, and it has been our holding that it was not necessary that there be a certified copy of the complaint or indictment accompanying the Governor's warrant. Ex parte Cheatham, 50 Texas Crim. Rep., 53. If the requisition shows that the affidavit had been made against the accused in the demanding State, and that a demand had been made upon the Governor of this State, which certifies that the affidavit is authentic, the requirements of the law are met. Ex parte Denning, 50 Texas Crim. Rep., 629, 100 S. W. Rep., 402.

We are of opinion that the requirements of our statute are fully met in the instant case; and the motion for rehearing will be overruled.

*Overruled.*