## Ex Parte J. H. Mendell.

### No. 7350. Decided October 11, 1922.

**1.—Habeas Corpus—Extradition—Misdemeanor.**

Where the relator contended that the affidavits offered to his application for *habeas corpus* showed that he was only charged in the demanding State with a misdemeanor, the same is untenable, as such fact was not sufficient to demand his release. Following Ex Parte Bergman, 60 Texas Crim. Rep., 8.

**2.—Same—Guilt or Innocence of Relator.**

The guilt or innocence of one accused of crime in a foreign state will not be tried in the courts of the asylum state. Following Ex Parte Hancock, 170 S. W. Rep., 145.

Appeal from the District Court of Jefferson. Tried below before the Honorable E. A. McDowell.

Appeal from a *habeas corpus* proceeding denying relief from extradition warrant.

*Howth & O'Fiel,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant is held in custody by virtue of an executive warrant issued by the Governor of Texas upon requisition from the State of Louisiana in proper form. A writ of *habeas corpus* was sued out before the Judge of the Sixtieth Judicial District at Beaumont, Texas, under which release was sought, but upon hearing appellant was remanded, and brings the case here upon appeal.

There is no brief on file for appellant. As far as we observe, the executive warrant mentioned was correctly issued upon a requisition whose basis was an affidavit filed in a court of competent jurisdiction in the State of Louisiana wherein appellant was charged with a crime. Article 1088 of our Code of Criminal Procedure provides that one charged in any other state or territory of the United States with treason, felony or other crime . . . shall on demand . . . be delivered up to be removed, etc. If we properly understand appellant's contention in this case, as evidenced by his application for *habeas corpus* and the affidavits offered by him in his behalf upon the hearing hereof, his right to the relief sought is made to rest upon the proposition that the offense charged against him in the State of Louisiana is but a misdemeanor. We do not think such fact sufficient to demand his release nor to prevent extradition. Ex parte Bergman, 60 Texas Crim. Rep., 8; Ross v. Crofuss, 80 Atl. 90; Am. & Eng. Ann. Cases C., p. 1295; Knox v. State, 73 N. E. 255, 108 Am. St. Rep. 291.

Appellant testified that he did not desert his wife and child but was compelled to leave home. The charge against appellant was the desertion of his wife and child, leaving them in necessitous circumstances. The guilt or innocence of one accused of crime in a foreign state, will not be tried in the courts of the asylum state. Ex parte Hancock, 75 Texas Crim. Rep., 71. We have carefully examined the record and are unable to find any error in the action of the court below in denying appellant the relief sought.

The judgment if the Sixtieth Judicial District Court remanding appellant will be in all things affirmed.

*Affirmed.*