EX PARTE JOHN YAWMAN.

No. 12766.   Delivered June 12, 1929.

The opinion states the case.

*W. M. Johnson* of Houston for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

Relator is held by virtue of extradition papers issued by the Governor of Texas, authorizing his arrest and surrender to the officer duly commissioned by the Governor of Oklahoma to receive him.

The first ground of complaint is that the executive warrant fails to state the contents of the affidavit filed against appellant in the demanding state. It was recited in the executive warrant that relator stands charged by affidavit and warrant before the proper authority in the demanding state with the crime of wife and child abandonment committed in said demanding state, and that the Governor of the state of Oklahoma had demanded of the Governor of Texas that relator be arrested and returned to the state of Oklahoma by one W. F. McIver who had been duly authorized to receive relator and convey him back to said demanding state. It is further recited in the executive warrant that the demand for the arrest of relator was accompanied by a copy of the affidavit and warrant duly certified as authentic by the Governor of the demanding state. The certificate of the Governor of this state to the fact that the Governor of Oklahoma had made it known to him that the relator was charged by a complaint, and that the demand for his surrender was accompanied by a copy of the complaint duly certified as authentic by the Governor of Oklahoma was sufficient to put upon relator the burden of proving that the demand was not accompanied by a copy of the complaint duly certified by the Governor of Oklahoma. While it was necessary that the offense be named in the executive warrant it was only required that it be done in general terms. Ex parte Nix, 212 S. W. 507. This requirement was complied with.

It is insisted that the purported complaint is nothing more than "a preliminary information" and the rule that a charge lodged solely by information in the demanding state will not authorize an extradition warrant from the Governor of the fugitive state is sought to be invoked. Ex parte Randell, 257 S. W. 1101. We find in the record a copy of an affidavit charging relator with wife and child abandonment. The affidavit appears to have been duly filed in a justice court of the state of Oklahoma. The offense is particularly described and the averments are directly and positively made by the county attorney. Under the affidavit of the county attorney on the same instrument appears the affidavit of relator's wife that the statements set forth in the complaint are true. We are referred to nothing suggesting that the instrument referred to is not sufficient under the laws of the state of Oklahoma to constitute a sworn complaint. . The test is its sufficiency in the demanding state to charge the offense named. Coleman v. State, 113 S. W. 17; Pearce v.

United States, 155 U. S. 311, 15 Sup. Ct. 116, 39 L. Ed. 164; Ex parte Nix, supra. We quote from Ex parte Wells, 298 S. W. 904, as follows:

"Presumptions against the legality of the acts of governmental agencies will not be indulged by the courts. ·The burden was upon the relator to show that the demand of the Governor of Oklahoma upon the Governor of Texas was not accompanied by a copy of the complaint duly certified as the law requires. Ex parte Nix, 85 Tex. Cr. R. 307, 212 S. W. 507. It will always be presumed, in the absence of a showing to the contrary, that the action of the Governor in issuing his excutive warrant was upon proper and legal requisition, and that the Governor performed his duty legally. Hyatt v. New York ex rel. Corkran, 188 U. S. 691,·23 S. Ct. 456, 47 L. Ed. 657."

The judgment remanding relator is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.