## EX PARTE GEORGE B. BUCHANAN.

No. 16430. Delivered October 25, 1933.
Appeal Reinstated November 29, 1933.
Rehearing Denied January 10, 1934.
Reported in 67 S. W. (2d) 262.

114

The opinion states the case.

*E. T. Miller,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Relator sought release from the custody of the sheriff of Potter County, Texas, through habeas corpus proceedings before the District Judge of the 47th Judicial District, and from an order remanding him prosecutes this appeal.

From the transcript it appears the hearing was had in vacation. Article 857, C. C. P., provides in substance that when the proceedings upon habeas corpus take place before the court in session the transcript shall be prepared and certified by the clerk, but when had in vacation the transcript may be prepared by any person under the direction of the judge and certified by the judge. The record in the present case bears no certificate of the trial judge, but only that of the clerk of the District Court of Potter County, Texas.

Under the provisions of the statute the record is not authenticated in such manner as authorizes a review thereof. The appeal is ordered dismissed.

*Dismissed.*

### ON MOTION TO REINSTATE APPEAL.

MORROW, PRESIDING JUDGE.—The record having been perfected, the appeal is reinstated.

The relator is held under an executive warrant issued by the Governor or Texas upon the requisition of the Governor of Missouri.

The requisites of the complaint upon which an extradition demand may be honored are set forth in the statutes of this

state, notably article 1000, C. C. P., 1925, which reads as follows:

"The complaint shall be sufficient if it recites:

"1. The name of the person accused.

"2. The State or territory from which he has fled.

"3. The offense committed by the accused.

"4. That he has fled to this State from the State or territory where the offense was committed.

"5. That the act alleged to have been committed by the accused is a violation of the penal law of the State or territory from which he fled."

The executive warrant issued by the Governor of Texas contains the following recitals:

"Whereas, It has been made known to me by the Governor of the State of Missouri that George Buchanan, alias Jack Miller, stands charged by affidavit before the proper authorities, with the crime of Grand Larceny committed in said State, and that the said defendant has taken refuge in the State of Texas," etc.

The complaint upon which the present demand is made is as follows:

"STATE OF MISSOURI V. GEORGE B. BUCHANAN alias JACK MILLER.

"BEFORE Hon. Jos. J. Dougherty, Justice of the Peace, in and for Kaw Township, Jackson County, Missouri.

"John B. Hurley, being duly sworn, upon his oath states, that on the 29 day of June, 1932, at the County of Jackson, State of Missouri, one George B. Buchanan, alias Jack Miller, Five Hundred ($500.00) Dollars, lawful money of the United States, of the aggregate value of Five Hundred ($500.00) Dollars, of the money, goods and chattels of one John B. Hurley then and there being, then and there did unlawfully and feloniously, steal, take and carry away, against the peace and dignity of the State.

"John B. Hurley

"Subscribed and sworn to before me, this Sixth day of July, 1933.

"Joseph J. Dougherty
"Justice of the Peace."

The relator contends that his detention is illegal for the reason that in addition to the affidavit and complaint above set forth, documents have been filed with the Governor of this state, which documents are such as to disclose that the offense with which the relator was charged was not the offense of

grand larceny. Among the documents upon which the authority to issue the requisition is held nullified is the following:

"STATE OF MISSOURI, COUNTY OF JACKSON, SS:

"JOHN B. HURLEY, of lawful age, being first sworn states: I am general road foreman of engines and fuel supervisor for the Wabash, Ann Harbor Railroads. A man by the name of George B. Buchanan, whom I have know as Jack Miller, represented to me that he had a supercharger which he was building and going to have patented. I turned over to him the sum of $500.00, which was to be for the expense of building it and obtaining the patent. Later on he wrote me that he was short of money and wanted additional funds. When I got after him he left town and is now being held by the police of Amarillo, Texas.

"John B. Hurley

"Subscribed and sworn to before me this 11 day of July, 1933.

"Joseph J. Dougherty,
"Justice of the Peace."

The foregoing document is the one especially relied upon by the relator in support of his contentions that the offense described in the governor's warrant is not the offense with which he is charged. However, the document mentioned is not regarded as being in conflict with the affidavit attached to the executive warrant in a manner as to vitiate the warrant. Many other documents were filed with the Secretary of State, according to his certificates, but they are not regarded as of any weight as bearing upon the question presented by the relator. They consist in the main of documents showing efforts to locate the relator, warrants issued by various officers for his arrest and detention, the requisition issued by the Governor of Missouri, and other papers that are merely matters of procedure in an effort to make the arrest of one charged with a felony. Touching the document last quoted above, signed by John B. Hurley, and certified by Joseph J. Dougherty, Justice of the Peace, it is not regarded as sustaining the relator's contention that the executive warrant issued by the Governor of Texas is not supported by the documents that were before the governor and upon which the requisition was granted.

It is a rule that when the executive warrant by the Governor of this state is formal in every particular, the burden is upon the accused to overcome by evidence the presumption that the warrant was issued upon the proper authority. See Ex parte Ponzi, 106 Texas Crim. Rep., 58, and many cases therein collated.

In the present instance, nothing has been perceived in the record showing that the relator was not an inhabitant of the State of Missouri at the time of the alleged commission of the offense or denying his identity as the person to whom the complaint refers. See Ex parte Haynes, 98 Texas Crim. Rep., 609; Vernon's Ann. Tex. C. C. P., vol. 3, p. 347, and cases cited. See, also, Ex parte Hogue, 112 Texas Crim. Rep., 495; Ex parte Crane, 115 Texas Crim. Rep., 168; Ex parte Celey, 110 Texas Crim. Rep., 454; Ex parte Yawman, 113 Texas Crim. Rep., 20.

The judgment refusing to discharge the relator is affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have examined the appellant's motion for rehearing and are unable to agree with his contentions. When the affidavit upon which the prosecution in the demanding state rests, is regular and such as is required by the laws of this state, and the copy attached to the executive warrant shows such to be the case, this court would not be controlled by the affidavits accompanying the warrant, which are for the sole purpose of satisfying the Governor of this state in the issuance of such executive warrant. Such is the effect of our original holding, which we believe to be correct.

The motion for rehearing is overruled.

*Overruled.*