# JUNE 19, 1935

## EX PARTE CHARLES S. CUPP.

No. 17807. Delivered June 19, 1935.

The opinion states the case.

*J. C. Ross* and *Charles Owen,* both of El Paso, for appellant.

*Roy D. Jackson,* Dist. Atty., of El Paso, and *Lloyd W. Davidson,* State's Atty., of Austin, for the State.

KRUEGER, JUDGE.—This is an appeal from the action of Hon. W. D. Howe, Judge of the 34th District Court of El Paso County, declining to discharge relator from the custody of the sheriff of El Paso County upon the hearing of his application for a writ of habeas corpus.

Relator was held under the following Executive Warrant issued by the Governor of the State of Texas, to-wit:

"IN THE NAME AND BY THE AUTHORITY OF
THE STATE OF TEXAS

"EXECUTIVE DEPARTMENT

"TO ALL AND SINGULAR THE SHERIFFS, CONSTABLES AND OTHER CIVIL OFFICERS OF SAID STATE:

"WHEREAS, it has been made known to me by the Governor of the State of California that CHARLES S. CUPP stands charged by COMPLAINT, WARRANT, AFFIDAVITS & CERTIFICATES before the proper authorities, with the crime of VIO. CHAPTER 339, STATUTES 1923, as amended 1931: Act 1970 Sec. 2 (Deadly weapon act) committed in said State, and the said defendant has taken refuge in the State of Texas, and Whereas, the said Governor in pursuance of the Constitution and Laws of the United States, has demanded of me that I cause the said fugitive to be arrested and delivered to J. P. LUQUET who is as is satisfactorily shown, duty authorized to receive him into custody and convey him back to said State, and Whereas, said demand is accompanied by copy of said COMPLAINT, WARRANT, AFFIDAVITS & CERTIFICATES DULY CERTIFIED AS AUTHENTIC BY THE Governor of said State.

"NOW THEREFORE, I, JAMES V. ALLRED, Governor of Texas, by virtue of the authority vested in me by the Constitution and Laws of this State, and the United States, do issue this my Warrant commanding all Sheriffs, Constables, and the Civil authorities of this State, to arrest and aid and assist in arresting said fugitive and to deliver him when arrested to the said agent in order that he may be taken back to said State to be dealt with for said crime.

"IN Testimony Whereof I have hereunto signed my name

and have caused the Seal of State to be hereon impressed, at Austin, Texas, this 20th day of May, A. D. 1935.

"JAMES V. ALLRED, Governor .
"(Seal of the            "By the Governor
   STATE OF TEXAS).      "GERALD C. MANN,
                                   Secretary of State."

When the relator's application for the discharge came on to be heard he filed an application for a postponement of the hearing for a few days in order to give him time to investigate the sufficiency of the requisition warrant and the documents accompanying same. The court overruled said application, to which no exception was taken by the relator. Hence the same can not be reviewed by this court.

By bill of exception relator complains of the action of the court in permitting the state to introduce in evidence the warrant of extradition issued by the Governor of the State of Texas directing the sheriff of El Paso County to deliver relator into the custody of J. P. Luquet, the designated and authorized agent of the Governor of California, to be returned to said State in accordance with the requisition of the Governor of said State, to which relator objected, first, because the warrant did not set out the offense with which he stood charged in the State of California; second, that the warrant was not sufficient to advise the relator of the offense with which he was charged, and, third, because the warrant does not recite what proof was offered to the Governor of Texas upon which he based his warrant of extradition. The warrant recites that the relator "stands charged by complaint and affidavit before the proper authorities with the crime of VIO. Chapter 339, Statutes 1923, as amended 1931: Act 1970 Sec. 2." In the case of Ex parte Stanley, 25 Texas App., 372, this court, speaking through Judge Willson, said: "It is not required that the warrant should show that the crime charged in the indictment or affidavit is a crime by the law of the demanding State." In the case of Ex parte Yawman, 18 S. W. (2d) 647, this court said: "While it was necessary that the offense be named in the Executive Warrant, it was only required that it be done in general terms." If only the Executive Warrant had been offered in evidence, it might present a more troublesome question, but the State offered in evidence a copy of the laws of California under which relator was charged by affidavit, duly certified as authentic by the Governor of the demanding State. This, we think, was sufficient to authorize the trial court in directing the

sheriff to deliver relator to the custody of the duly authorized agent of the Governor of California, and placed the burden upon relator to show the insufficiency or irregularity of the proceedings upon which the extradition warrant was based. With reference to the third contention we deem it sufficient to say that the Executive Warrant shows that the demand of the Governor of California was accompanied by a copy of a complaint, warrant, affidavits and certificates. This was sufficient proof to show that these matters were before the Governor of Texas upon which he based his judgment in issuing the warrant. In the absence of any showing to the contrary, the presumption prevails that the evidence before him was regular, was sufficient, and justified his action in issuing the Executive Warrant.

The next contention is that the court erred in permitting the State to offer in evidence the copy of Sec. 2, Act 1970, Statutes of 1923, as amended in 1931, to which relator objected because it was hearsay and because it will be presumed that the law of California is the same as the law of the State of Texas, which objection was overruled. It appears from the testimony of J. P. Luquet that the Code was printed under the authority of the State of California and the amendment was also printed under the authority of the State. The testimony further shows that the witness was familiar with the penal laws of said State and that the copy of the law offered in evidence was a true and correct copy of Sec. 2, Act. 1970, Statutes of 1923, as amended in 1931. We think that with said testimony before the court no error was committed in permitting the introduction of said laws as evidence in the case.

The judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commision of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.