## EX PARTE R. E. RIDDLE.

No. 18893. Delivered January 20, 1937.

564

The opinion states the case.

*Schlesinger, Schlesinger & Goodstein* and *J. Douglas Mc-Guire,* all of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Upon an application of the Governor of the State of Missouri the Governor of the State of Texas granted a requisition for the relator, issued a warrant for the arrest of relator, who was taken into custody by the chief of police in the city of San Antonio to be delivered to the duly authorized agent of the State of Missouri and by him conveyed to said state. Relator applied to the Hon. W. W. McCrory, Judge of the District Court of the 94th Judicial District of Texas, for a writ of habeas corpus and prayed that upon a hearing thereof he be discharged. At the hearing respondent contended that he apprehended and held relator by virtue of the following executive warrant, to-wit:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS. EXECUTIVE DEPARTMENT.

"TO ALL AND SINGULAR THE SHERIFFS, CONSTABLES, AND OTHER CIVIL OFFICERS OF SAID STATE:

"WHEREAS, It has been made known to me by the Governor of the State of Missouri, that R. E. Riddle stands charged by affidavit before a magistrate the proper authorities, with the crime—(no offense being named)—committed in said state," etc.

Upon a hearing thereof the court remanded relator to the custody of the duly authorized agent of the State of Missouri to be taken to said state. From this order appellant appealed to this court.

It appears from the record before us that the executive war-

rant fails to state that the accused is charged with having committed any offense. Subdivision 2 of Article 219, C. C. P., 1925, relating to warrants of arrest provides as follows:

"It must state that the person is accused of some offense against the laws of the State, naming the offense."

The law with reference to executive warrants does not seem to make any exception to matters required in the general definition of warrants of arrest given in said article. The warrant of arrest is the legal authority by virtue of which the officer takes the person accused of an offense into custody and retains him. If the warrant shows that the person named therein is not accused of an offense, the arrest, detention, and removal from the State would appear to be illegal. See Thomas v. State, 53 Texas Crim. Rep., 37, Ex parte Cubreth, 49 Calif., 436.

Corpus Juris, Vol. 25, Sec. 36, p. 268, states the rule as follows:

"A warrant need not show on its face that the act charged as a crime in the requisition is in fact a crime by the law or statutes of the demanding state, but it must specify the offense alleged to have been committed by the accused."

In the instant case the executive warrant fails to state that the accused is charged with any offense. Hence the arrest, detention, and attempted removal of the accused from the state by virtue of said warrant was not legally authorized. Even though he may be charged with an offense, yet if the warrant for his arrest fails to state the offense with which he is charged or fails to state any offense, his arrest and detention would not be lawful. It therefore follows that relator was entitled to be discharged.

Relator also contends that the proof as to his identity is insufficient to show that he is a fugitive from justice of the demanding state for the reason that the evidence fails to show that he is the same R. E. Riddle who was charged with having committed the offense for which he is sought to be extradited. Whether or not the accused is the identical person alleged to be a fugitive from justice of the demanding state is a question of fact which the Governor of whom the demand is made must decide upon such evidence as is satisfactory to him. Strict common law evidence is not required. The statute does not provide for the particular kind of evidence that must be produced before him, nor how it should be authenticated, but it must at least be evidence that is satisfactory to the mind of the Governor. In Texas Jurisprudence, Vol. 19, Section 6, p, 492 et seq., it is said:

"As to whether a particular person is a 'fugitive from justice' is a question of fact upon which the opinion of the Governor expressed in his warrant is held to be prima facie evidence. This presumption may be rebutted, however, in a proceeding by writ of habeas corpus by admissions or other conclusive evidence. Parol evidence is always admissible to show that the accused is not in fact a fugitive."

Also see Munsey v. Clough, 196 U. S., 364.

In the case under consideration the evidence elicited from respondent's witnesses shows that the person alleged to have committed the offense charged was about forty-five years of age, six feet tall, and weighed about two hundred and ten pounds, while the relator whom they sought to extradite was only about twenty-seven years of age, five feet ten and one-half inches tall, and weighed about two hundred and thirty pounds. This at least raises a very serious question as to whether the relator is the identical person who committed the alleged offense in the State of Missouri.

By reason of the defect in the executive warrant the relator is discharged.

*Relator discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.