### EX PARTE H. C. STEAVENSON.

No. 21321. Delivered October 16, 1940.
Rehearing Denied November 20, 1940.

312

The opinion states the case.

*J. D. Todd, Jr.,* of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

It appears from the record that in the latter part of May, 1940, H. C. Steavenson was arrested by the Sheriff of Nueces County and restrained of his liberty by virtue of an executive warrant issued by the Governor of this State upon a requisition from the Governor of the State of Kansas. Appellant immediately applied to the Judge of the 117th Judicial District Court of Texas for a writ of habeas corpus and prayed that upon a hearing thereof he be discharged. The writ was issued as prayed for, and upon a hearing thereof the court remanded him; and from said order he has appealed to this court.

The executive warrant recites that "WHEREAS, it has been made known to me by the Governor of the State of KANSAS that HOWARD C. STEAVENSON stands charged by AFFIDAVIT AND COMPLAINT before the proper authorities, with the crime of DESERTION AND NON SUPPORT OF MINOR CHILD committed in said State and that the said defendant has taken refuge in the State of Texas, etc."

Appellant does not seem to attack the regularity of the executive warrant or the requisition warrant by the Governor

of Kansas. His main contentions for his release from confinement are the following grounds:

(1). Because such complaint attempts to allege in one count thereof more than one offense against defendant, and does not apprize defendant of the offense upon which he would be required to stand trial.

(2). Because such complaint, and the allegations therein contained in one count, disclose that the offense, alleged to have been committed by defendant, or a portion of such alleged offense, occurred while defendant was absent from the State of Kansas.

(3). Because such complaint and the allegation therein contained in one count does not disclose that defendant was a fugitive from justice because the offense and a portion thereof occurred while defendant was absent from the State of Kansas.

We will undertake to dispose of the contentions in their numerical order.

Omitting the formal parts, the complaint reads as follows:

"Edith Elizabeth Steavenson of lawful age, being first duly sworn, on oath says for the one count of this complaint, that Howard C. Steavenson, in Geary County, Kansas, on or about the 11th day of September, 1939, and on each and every day thereafter, continually to this 16th day of February, 1940, being then and there the natural parent and father of one child * ——born in lawful wedlock to the said defendant and his wife, Edith Elizabeth Steavenson, said child——being under the age of sixteen years, to-wit: Dan Steavenson, 2 years of age, did then and there unlawfully, willfully, knowingly, feloniously and without lawful excuse therefor desert, fail, neglect and refuse to provide for the support and maintenance of the said child ——, who was then and there in destitute and necessitous circumstances, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Kansas."

The complaint was made and sworn to on the 16th day of February, 1940.

It will thus be seen that the complaint charges but a continuous offense. We deem the complaint sufficient to put appellant upon notice that upon his trial he will be required to meet proof of his neglect to support his minor child within the time therein specified. Appellant admitted on the hearing that he

314

was in the State of Kansas from the 11th day of September, 1939, until the 4th day of January, 1940, during which time it is alleged that he committed the offense with which he is charged, and then departed from said state. Consequently, if he violated the letter and spirit of the law as charged in the complaint, he became a fugitive from justice and subject to extradition under 18 U. S. C. A. Sec. 662, and the law of this State on the subject, when he left Kansas and came to Texas. The guilt or innocence of one accused of crime in a demanding state will not be tried in the forum of the asylum state. See Ex parte Mendell, 244 S. W. 146, (92 Tex. Cr. R. 321); Ex parte Hancock, 170 S. W. 145, (75 Tex. Cr. R. 71); Ex parte Wells, 108 Tex. Cr. R. 57.

From what we have said, it follows that the judgment of the trial court be and the same is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

We are unable to agree with the contentions made on the motion for rehearing, and believe that all the material questions in the case have been properly considered in the original opinion. They are reconsidered and adhered to.

The motion for rehearing is overruled.