EX PARTE RAY RAULIE.

No. 25190. February 28, 1951.
Rehearing Denied April 11, 1951.

*Mays & Mays* and *Dave Miller, Chas. Mays,* Fort Worth, for relator.

*Stewart W. Hellman,* Criminal District Attorney, *James E. Whitmore,* Assistant Criminal District Attorney, Ft. Worth, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Upon the requisition of the Governor of the State of Arkansas, the Honorable Wardlow Lane, as acting Governor of this State, did, on June 21, 1950, issue an executive warrant au-

thorizing the arrest and return of Ray Raulie to said state to answer to the charge of a felony. The warrant is attested by the Secretary of State, with the seal of the State of Texas affixed thereto.

Upon his arrest under said warrant, Ray Raulie sued out his writ of habeas corpus before the Honorable David McGee, Judge of the Criminal District Court No. 2 of Tarrant County, seeking his discharge from custody under such arrest.

After hearing, the relief prayed for was denied and Raulie was remanded to the custody of the arresting officer.

From this order, notice of appeal was given to this court.

The executive warrant, upon its face, furnishes a prima facie case authorizing appellant's extradition.

The attack on the warrant is that there is nothing on the face of the warrant and accompanying papers showing that, at the time mentioned, Wardlow Lane was authorized to act as the Governor of this state, nor was any testimony introduced showing such authority. In other words, it is appellant's contention that when an executive warrant is issued in an extradition proceeding by one acting in the place of and as the Governor of the state, the burden is upon the proponent of the warrant to show the authority of that person to so act.

We take judicial knowledge of the following facts:

(a) That upon the death, in July, 1949, of the Honorable Beauford Jester, Governor of this State, the Honorable Allan Shivers, the then Lieutenant Governor of this State, succeeded to the office of Governor.

(b) That on June 21, 1950, the date the executive warrant in this case was issued, the office of lieutenant governor of this state was vacant and, on said date, the Honorable Wardlow Lane was the President pro tempore of the Senate of Texas, having been elected to that office by the Senate of Texas. Senate Journal, 1st Called Session, 51st Legislature, p. 248.

(c) That in the absence of the governor from this state, or for any of the other exceptions assigned in Sec. 17 of Art. IV. of the Constitution of this state, the Honorable Wardlow Lane was authorized to administer the government as governor of this state.

618

Under similar facts, we held in Ex Parte Roselle, 87 Tex. Cr. R. 470, 222 S. W. 248, that the burden was upon the accused to show that the executive warrant was issued without authority.

There being no facts showing the invalidity of the warrant or the want of authority of the Honorable Wardlow Lane to act as governor of this state in issuing the warrant, appellant's contention is overruled.

There is nothing in this record showing that the State of Texas was seeking to hold the appellant in this state to answer any accusation against him. The executive warrant in no way attempts to subjugate the rights of the arresting officer thereunder to any prior claim of the State of Texas.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

The extradition warrant signed by Honorable Wardlow Lane as Acting Governor of Texas is attested by Louis Scott Wilkerson, Assistant Secretary of State, under the seal of the State of Texas.

In the absence of a showing to the contrary, the warrant is sufficient to show the authority of Senator Lane to administer the government of this state and to issue the extradition warrant.

The appeal having been properly disposed of on original submission, relator's motion for rehearing is overruled.

Opinion approved by the court.