EX PARTE STUART W. DUBOIS

No. 25362. June 27, 1951.
Rehearing Denied November 21, 1951.

Hon. Henry King, Judge Presiding.

*Charles W. Tessmer,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Charles S. Potts,*

Assistant Criminal District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

Upon the demand of the Governor of the State of California, the Honorable Ben Ramsey, Lieutenant Governor of this State, and as Acting Governor, issued his requisition authorizing appellant's arrest and return to the State of California as a fugitive from justice of that state.

Under that requisition, appellant was arrested, and sought his discharge therefrom by writ of habeas corpus before the Honorable Henry King, Judge of the Criminal District Court No. 2, of Dallas County.

After hearing, appellant was remanded to the custody of the arresting officer, from which he gave notice of appeal.

The requisition is regular, upon its face, and shows that appellant stands charged by complaint in the demanding state with "the crime of issuing checks without sufficient funds."

We are unable to agree with appellant, as contended by him in his Bill of Exception No. 1, that the warrant is fatally defective because it is silent on the question of intent to defraud. An examination of the "complaint and supporting papers" introduced in evidence at the hearing discloses a proper charge of four separate felonies against relator in the demanding state. The executive warrant, upon its face, furnishes a prima-facie case authorizing appellant's extradition.

Bill of Exception No. 2 contends that the Governor of Texas acted on insufficient evidence in issuing the warrant. He seems to base this contention on the fact that the transfer agent of the demanding state testified that he went to the office of the Governor of Texas and there delivered "the supporting papers" which he had brought from the Governor of California to a Mrs. Craig who later delivered to him the warrant. We know of no ruling requiring the Governor to see the transfer agent personally. If the Governor had sufficient documentary evidence upon which to issue the warrant, which we hold that he had in this case, nothing further is required.

In Ex parte Roselle, 87 Tex. Cr. R. 267, 222 S.W. 248, we held that the burden was upon the accused to show that the

executive warrant was issued without authority. Such was not shown in the case at bar.

Bill of Exception No. 3 complains because the Governor's warrant was signed by Ben Ramsey, Acting Governor, without a showing that conditions existed authorizing the Lieutenant Governor to act. We have recently disposed of this contention, adversely to relator. Ex parte Raulie, 155 Texas Crim. Rep. 616, 237 S.W. 2d 998.

Bill of Exception No. 4 complains of the introduction of State's Exhibit L into evidence. The complaint therein is answered by the proposition that a person for whom a requisition has been issued is not entitled to try his case on its merits in the asylum state. He is only entitled to adjudicate these questions:

   (1) Whether he is the person who is charged in the demanding state, or

   (2) Whether he is a fugitive from justice of that state.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

.Appellant challenges the sufficiency of the executive warrant of the governor of this state to warrant or authorize his arrest or detention thereunder because the offense with which appellant stands charged is not named therein. Ex Parte Thomas, 53 Tex. Cr. R. 37, 108 S. W. 663; Ex Parte Riddle, 131 Tex. Cr. R. 563, 101 S. W. 2d 268.

We note that the instant warrant recites that appellant stands charged in the demanding state with "the crime of issuing checks without sufficient funds." It is noted that the accompanying papers referred to contain a copy of the laws of the State of California certified as authentic by the governor of that state, and show that the crime named in the warrant is a felony in that state.

The warrant is deemed not subject to the error claimed.

Ex Parte Cupp, 129 Tex. Cr. R. 25, 84 S. W. 2d 731; Ex Parte Yawman, 113 Tex. Cr. R. 20, 18 S. W. 2d 647.

We remain convinced that a correct conclusion was reached originally. Appellant's motion for rehearing is overruled.

Opinion approved by the court.