**Ex parte Marcelino R. MEDINA.**

**No. 40549.**

Court of Criminal Appeals of Texas.

July 26, 1967.

Joseph Chacon, San Antonio, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

### OPINION.

BELCHER, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding the appellant to custody for extradition to the State of Illinois.

At the hearing on the writ, the state introduced in evidence the executive warrant issued by the Governor of Texas.

Omitting the formal introductory parts the warrant recites that:

"Whereas, It has been made known to me by the Governor of the State of Illinois that Marcelino R. Medina stands charged by indictment, capias before the proper authorities, with the crime of . . . . . (no offense being named) . . . . . committed in said State," etc.

At the conclusion of the hearing the court ordered the appellant remanded to custody for delivery to the authorized agent of the State of Illinois to be taken to said state. From this order the appellant gave notice of appeal.

In considering a similar extradition record on appeal in Ex parte Riddle, 131 Tex. Cr.R. 563, 101 S.W.2d 268, this court said: "It appears from the record before us that the executive warrant fails to state that the accused is charged with having committed any offense. Subdivision 2 of article 219, C.C.P. 1925 (now Art. 15.02(2) V.A.C. C.P.), relating to warrants of arrest, provides as follows: 'It must state that the person is accused of some offense against the laws of the State, naming the offense.'

"The law with reference to executive warrants does not seem to make any exception to matters required in the general definition of warrants of arrest given in said article. The warrant of arrest is the legal authority by virtue of which the officer takes the person accused of an offense into custody and retains him. If the warrant shows that the person named therein is not accused of an offense, the arrest, detention, and removal from the state would appear to be illegal. See Ex parte Thomas, 53 Tex.Cr.R. 37, 108 S.W. 663; Ex parte Cubreth, 49 Cal. 435, 436.

"Corpus Juris, vol. 25, § 36, p. 268, states the rule as follows: 'A warrant need not show on its face that the act charged as a crime in the requisition is in fact a crime by the law or statutes of the demanding state, but it must specify the offense alleged to have been committed by the accused.'

"In the instant case the executive warrant fails to state that the accused is charged with any offense. Hence the arrest, detention, and attempted removal of the accused from the state by virtue of said warrant was not legally authorized. Even though he may be charged with an offense, yet, if the warrant for his arrest fails to state the offense with which he is charged

or fails to state any offense, his arrest and detention would not be lawful. It therefore follows that relator was entitled to be discharged."

 The Governor's warrant of arrest must substantially recite the facts necessary to the validity of its issuance. Art. 51.13, Sec. 7, Vernon's Ann.C.C.P.

By reason of the defect in the executive warrant as shown, the judgment remanding appellant to custody for extradition is reversed.