**Ex parte Marcelino R. MEDINA.**

**No. 41927.**

Court of Criminal Appeals of Texas.

March 12, 1969.

See also Tex.Cr.App., 417 S.W.2d 409.

---

Joseph Chacon, San Antonio, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant for extradition to the State of Illinois.

At the hearing on the writ, the state introduced in evidence the executive warrant issued by the Governor of Texas.

The appellant did not testify or offer any evidence in his behalf.

No question of identity is presented as to the appellant being the person named in the executive warrant.

The executive warrant of the Governor of Texas, which appears regular on its face, made out a prima facie case authorizing the remand of appellant to custody for extradition. Ex parte Short, Tex.Cr.App., 423 S.W.2d 328.

The sole ground urged for discharge is that the Governor's warrant fails to state that the appellant is charged with having committed an offense. He relies upon the decision of this court in Ex parte Medina, 417 S.W.2d 409, where the warrant failed to state an offense.

The requisition and supporting papers were not introduced in evidence.

The Governor's warrant introduced in evidence in this cause recites that the appellant stands charged by indictment with the crime of possession of a narcotic drug committed in the State of Illinois. The warrant sufficiently states that the appellant is charged with the commission of a crime in Illinois.

The trial court was authorized to conclude as he did and remand the appellant for extradition.

The judgment is affirmed.