**Ex parte Samuel Ervin GROOMS.**

**No. 44295.**

Court of Criminal Appeals of Texas.

July 14, 1971.

Melvyn Carson Bruder, Dallas (Court appointment), for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from an order of Criminal District Court No. 2 of Dallas County remanding appellant to custody to await extradition to Utah.

■ Appellant contends that the court committed error at the extradition hearing, the first contention being the insufficiency of the executive warrant, in that such warrant was signed by "Ben Barnes, Acting Governor." He contends that the state must show the incapacity of the Governor to perform his duties on the day in question. Such contention is without merit. In Ex parte Raulie, 155 Tex.Cr.R. 616, 237 S.W.2d 998, a case similar to the one at bar, this court stated:

"Under similar facts, we held in Ex parte Roselle, 87 Tex.Cr.R. 470, 222 S.W. 248, that the burden was upon the accused to show that the executive warrant was issued without authority."

See also Ex parte DuBois, 156 Tex.Cr.R. 463, 243 S.W.2d 698.

The first contention is overruled.

■ Next, appellant alleges " * * * that the demand for the relator is based upon an improper, unconstitutional identification of the relator * * *."

We first note that the record does not reflect the manner in which the appellant was identified, but only the affidavits of persons who identified him as the one who committed the offense in Utah. Further, such contention is not relevant to the sufficiency of the extradition documents, but rather to the admissibility of evidence in the Utah trial of this cause.

This contention is without merit.

No motion for rehearing will be entertained or filed by the Clerk except by leave of this court, after good cause has been shown.

There being no reversible error, the judgment is affirmed.

ONION, P. J., not participating.