No. 27429

**Louis Tenorio v. Dan Cronin, Manager of Safety, County of Denver, and Wayne K. Patterson, Warden of the Denver County Jail**

(565 P.2d 932)

Decided June 6, 1977.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Dorian E. Welch, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Thomas J. Tomazin, Assistant, for respondents-appellees.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

A writ of habeas corpus was issued by the district court and after a hearing was discharged. The petitioner, Louis Tenorio, appeals. We affirm.

Only one issue exists in this extradition proceeding. The petitioner claims that the California authorities fell short in their attempts to

extradite him because the governor did not sign the requisition documents. The documents were signed by the acting governor who was the secretary of state. The capacity of the secretary of state to act on behalf of the governor was duly authenticated. *California Constitution*, Article 5, Section 10 (1974). *See also U.S. Const.*, Art. IV, Sec. 2(2); Colorado Fugitive Act, section 16-19-102, C.R.S. 1973.

The burden of proof was on the petitioner to overcome the presumption that the person signing the extradition papers had the authority and was properly exercising the incidents of his office as the acting governor. *See Krenwinkel v. State*, 45 Ala.App. 474, 232 So.2d 346 (1970); *State ex rel. Arnold v. Justus*, 84 Minn. 237, 87 N.W. 770 (1901); *Cockburn v. Willman*, 301 Mo. 575, 257 S.W. 458 (1923); *Ex parte Fant*, 400 S.W.2d 332 (Tex.Crim.App. 1966); *Ex parte Fuqua*, 162 Tex.Crim.Rep. 126, 283 S.W.2d 50 (1955). The petitioner offered no evidence and relied solely on the fact that the governor was not the party who signed the requisition papers. Petitioner, therefore, failed to establish the invalidity of the extradition process.

Accordingly, we affirm.