**Raymond Charles JAQUES, Petitioner-Appellant,**

v.

**Harold BRAY, Sheriff, County of Jefferson, State of Colorado, Respondent-Appellee.**

**No. 81SA29.**

Supreme Court of Colorado.

May 10, 1982.

Ronald W. Servis, Denver, for petitioner-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Clement P. Engle, Nathan B. Coats, Asst. Attys. Gen., Denver, for respondent-appellee.

PER CURIAM.

This is an appeal from the trial court's denial of a petition for writ of habeas corpus filed pursuant to the Uniform Criminal Extradition Act. Section 16–19–101 *et seq.*, C.R.S.1973 (1978 Repl.Vol. 8). The only issue before us is whether the Colorado governor's warrant is invalid because it was not signed by him, but by the lieutenant governor.

Section 16–19–108, C.R.S.1973 (1978 Repl. Vol. 8) provides that the governor's warrant must be signed by the "governor." The term governor, as defined by section 16–19–102(2), includes "any person performing the functions of Governor by authority of the law of this state." The authority of the lieutenant governor to act on behalf of the governor is established by Article IV, Section 13(5) of the Colorado Constitution.

It was the appellant's burden of proof to overcome the presumption that the lieutenant governor was acting pursuant to her authority and was properly exercising the incidents of her office when she signed the governor's warrant. *Tenorio v. Cronin*, 193 Colo. 295, 565 P.2d 932 (1977). *See also Brown v. Sharkey*, 106 R.I. 714, 263 A.2d 104 (1970); *Ex parte Grooms*, 468 S.W.2d 817 (Tex.Ct.App.1971). The appellant offered no evidence to overcome this presumption. We, therefore, find that the appellant's claim that the warrant was invalid to be without merit.

The judgment is affirmed.