STATE ex rel. HARRY L. FOWLER v. OTTO S. LANGUM.[1]

June 5, 1914.

Nos. 18,842—(280).

**Extradition — fugitive from justice — burden of proof.**

1. In *habeas corpus* proceedings for the discharge of one arrested on the warrant of the governor in interstate extradition proceedings, the burden of

[1] Reported in 147 N. W. 708.

Note.—As to presumption of innocence in *habeas corpus* proceedings, see note in 22 L.R.A. 678. And on the question who are fugitives, see note in 28 L.R.A. 289.

showing that he is not a fugitive from justice is upon the prisoner. A warrant in due form and containing the proper recitals is *prima facie* evidence that the accused is a fugitive from justice. What amount of proof is necessary to rebut this *prima facie* case is not decided.

**Same — habeas corpus.**

2. The courts will not try on *habeas corpus* the question of the prisoner's guilt or innocence, nor will they, on the ground that the proceedings were instituted in bad faith or from ulterior motives, review the action of the Governor in granting the warrant.

Upon the petition of Harry L. Fowler, the district court for Hennepin county issued its writ of *habeas corpus* directed to Otto S. Langum, as sheriff of that county. The respondent made return that the petitioner was placed in his custody by virtue of a warrant issued by the Governor of Minnesota, upon the requisition of the Governor of Wisconsin for the delivery of petitioner as a fugitive from justice. The matter was heard by Steele, J., who quashed the writ and remanded relator to the custody of respondent. From that order, petitioner appealed. Affirmed.

*Cary & Cary,* for appellant.

*Lyndon A. Smith,* Attorney General, and *James Robertson,* County Attorney, for respondent.

BUNN, J.

On demand of the Governor of Wisconsin, the Governor of Minnesota issued a warrant to the sheriff of Hennepin county, commanding him to arrest, detain and deliver to the Wisconsin authorities the relator, Harry L. Fowler. Fowler was arrested, and obtained a writ of *habeas corpus.* After hearing, the district court quashed the writ and remanded relator to the custody of the sheriff under the warrant. The relator appealed from this order.

Appellant claims that the prosecution in Wisconsin for embezzlement was not in good faith, but was for the purpose of enabling a creditor of relator to use the extradition laws to get the debtor back to Wisconsin in order that the debt could be collected. His contention is that the court on *habeas corpus* can try and determine the question of the good faith of the proceedings, notwithstanding

the decision of the Governor. The warrant of the Governor discloses sufficiently that relator was a fugitive from justice. It was essential to furnish the Governor proof that the accused fled from the justice of the demanding state, though the law does not describe the character of the evidence necessary, nor the precise rules by which the fact shall be established. The issuance of the warrant embraces the exercise of a prerogative of the Governor of the state where the fugitive is, and it is presumed, in the absence of proof to the contrary, that the Governor has performed his duty. Hence, when a proper warrant has been issued, the burden of showing in *habeas corpus* proceedings that the prisoner is not a fugitive from justice rests upon such prisoner. State v. Justus, 84 Minn. 237, 87 N. W. 770, 55 L.R.A. 325. The executive who issues a warrant for the arrest of a fugitive must have passed upon two questions: (1) Is the accused charged with crime in the demanding state? and (2) is he a fugitive from justice from the demanding state? The first question is one of law and may be reviewed by the court under a writ of *habeas corpus*. Whether the accused is a "fugitive from justice" is a question of fact, upon which the opinion of the Governor as evidenced by the warrant is *prima facie* evidence. This *prima facie* case may be rebutted under a writ of *habeas corpus*. 19 Cyc. 94; Ex parte Reggel, 114 U. S. 642, 5 Sup. Ct. 1148, 29 L. ed. 250; Roberts v. Reilly, 116 U. S. 80, 6 Sup. Ct. 291, 29 L. ed. 544; Hyatt v. People, 188 U. S. 691, 23 Sup. Ct. 456, 47 L. ed. 657, affirming People v. Hyatt, 172 N. Y. 176, 64 N. E. 825, 60 L.R.A. 774, 92 Am. St. 706. Such is in effect the statement of Justice Lovely in State v. Justus, supra, but it does not appear to have been decided in this state what evidence will rebut the case made by the warrant. In the above citation from "CYC," it is stated that the case may be rebutted "by admissions or other conclusive evidence." In Hyatt v. People, supra, the United States Supreme Court sustained the New York Court of Appeals in deciding that, where it was conceded on the *habeas corpus* hearing that the accused was not within the demanding state at the time the crime was committed, he was not a fugitive from justice, and that

this admission, or conclusive evidence of the fact, was sufficient to rebut the *prima facie* case made by the warrant, and to entitle the prisoner to his discharge. The court suggests that, in a case where there was some evidence sustaining the finding, the courts might regard the decision of the Governor as conclusive. See Hayes v. Palmer, 21 App. Cas. (D. C.) 450.

But in the case before us we are not concerned with the question as to how weighty the evidence that the accused was not a fugitive from justice must be in order to rebut the *prima facie* case made by the warrant of the Governor. On the hearing the accused made no attempt to show that he was not in Wisconsin at the time the crime was committed, or that he was not a fugitive from the justice of that state. The charge in the petition for the writ is that the complaint upon which the Governor of Wisconsin requested the extradition was made "in bad faith and for the purpose of collection of civil obligation, and not in furtherance of justice or for the prosecution of your petitioner on the crime of embezzlement." The evidence of relator on the hearing consisted of an affidavit of the accused, and records of two criminal proceedings against him in Minneapolis, and one in Milwaukee, Wisconsin, each of which was dismissed. The affidavit seeks to connect these proceedings with the subsequent charge of embezzlement which is the foundation of the extradition warrant. He claims that the prior Milwaukee proceeding was dismissed upon a settlement with his employer. All of this evidence had a bearing upon the good faith of the last prosecution, but none on the question whether the accused was a fugitive from justice or even upon his actual guilt. That his guilt or innocence could not be tried on *habeas corpus* is elementary, and it is equally clear that the courts cannot go behind the action of the two Governors on the question of the good faith of the prosecution or of the extradition proceedings. Indeed there is doubt whether the Governor of the state where the fugitive is found has any strict right to refuse a warrant on the ground of bad faith or ulterior motives on the part of the prosecution. As stated by Mr. Justice Mitchell in State v. Toole, 69 Minn. 104, 72 N. W. 53,

38 L.R.A. 224, 65 Am. St. 553: "It is unquestionably true that when a case is presented which is clearly one contemplated by the Federal Constitution, the Governor has no discretion, but it is his imperative duty to issue the warrant. That duty, however, is one of imperfect obligation, for, if the Governor refuses to perform it, we know of no power, state or Federal, to compel him to do so."

The discretion that the Governor has as a practical matter, arising because his duty is one of "imperfect obligation," is clearly not a descretion in the usual sense. The courts have no power to review the action of the Governor in refusing a warrant, and certainly, when he has obeyed the demand of a requisition valid on its face, there is no right on *habeas corpus* to try the question of good faith or ulterior motives.

The order appealed from is affirmed. At the request of relator a stay of proceedings for 10 days is granted.