(No. 23367.—

THE PEOPLE *ex rel.* Joseph Sedlack, Appellee, *vs.* JOHN TOMAN, Sheriff, Appellant.

*Opinion filed February 19, 1936.*

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, RICHARD H. DEVINE, JOHN T. GALLAGHER, JAMES V. CUNNINGHAM, and WALTER L. McCOY, of counsel,) for appellant.

Mr. JUSTICE HERRICK delivered the opinion of the court:

The relator, Joseph Sedlack, was arrested on a warrant issued by the Governor of Illinois on June 24, 1933, for the rendition of the relator on the requisition of the Governor of Wisconsin. After a hearing in the criminal court of Cook county on a petition for writ of *habeas corpus* the court discharged the relator. The criminal court allowed

the sheriff to take an appeal and the cause has been brought here by him to review the order and judgment of the trial court.

No briefs have been filed in this court by the relator.

The sheriff made a return to the writ, setting up that he had the relator in custody by virtue of the warrant of the Governor of Illinois, which return was traversed by the relator. Extradition to Wisconsin was sought on the charge that the relator had committed the crime of arson on or about April 20, 1933, by the burning of the Warren summer home, in Walworth county, Wisconsin, and was a fugitive from justice. The Governor's warrant was in due form. The relator, Sedlack, rested his case after testifying in his own behalf that he was not in Walworth county, Wisconsin, on April 20, 1933.

Two witnesses who resided about one-quarter mile north of Warren's summer home testified for the appellant that the relator drove into their private roadway on April 20, 1933, which day they remembered was the day before the fire. He inquired of them the direction to the Warren summer home. They informed him the route to take. He then drove away in the direction they had pointed out to him.

Clarence C. Bridwell testified that he was acquainted with Beech Warren, the owner of the burned home; that Warren had asked him to hire someone to set fire to the house; that early in April, 1933, he employed the relator to burn the Warren house and paid him $400 therefor, and that on April 21 or 22, 1933, Sedlack told him that he had done the job without leaving any evidence, and that the witness and Sedlack were arrested together.

The ground urged for reversal by the appellant here is that the trial court erred in discharging the relator. The evidence as to whether the relator was in Wisconsin at the time of the commission of the offense charged was merely contradictory. We have heretofore repeatedly held that

the trial court cannot discharge one arrested under a Governor's warrant where the evidence relating to the subject of the presence in or absence from the State is merely contradictory, inasmuch as *habeas corpus* is not the proper proceeding in which to try the question of alibi or the question of guilt or innocence of the accused. *People* v. *Meyering,* 349 Ill. 198; *People* v. *Traeger,* 340 id. 147; *People* v. *Meyering,* 345 id. 449.

The judgment of the criminal court of Cook county discharging the relator, Joseph Sedlack, is reversed and the cause is remanded, with directions that the relator be remanded to the custody of the sheriff of Cook county.

*Reversed and remanded, with directions.*