## SANDERS, EXTRADITION OF, In Re

Ohio Appeals, 2nd Dist, Franklin Co

No 2734. Decided May 24, 1937

D. B. Ulrey, Columbus, and W. B. Mc-Leskey, Columbus, for appellant.

Ralph J. Bartlett, Prosecuting Attorney, Columbus, for appellee.

## OPINION

By GEIGER, J.

The cause is in this court on appeal on the questions of law from the Court of Common Pleas of Franklin County, Ohio.

The defendant, Douw L. Sanders, was charged, in a complaint filed at Traverse City, Michigan, with having immoral relations with a female child under the age of sixteen years, and requisition was made by Frank D. Fitzgerald, Governor of the State of Michigan under the seal of that State, upon the Governor of the State of Ohio, requiring that Douw L. Sanders be apprehended and delivered to the agent of the State of Michigan, duly authorized to receive and convey Douw L. Sanders to the State of Michigan.

Upon the arrival of the papers in Columbus, a hearing was held at the office of the Governor, at which defendant was present, after which the Governor of Ohio issued his warrant for the arrest of the defendant, directed to the sheriff of Franklin County, returnable to the Court of Common Pleas of that county.

In pursuance of that warrant, the sheriff arrested the defendant, and appeared with him before Hon. John R. King, Judge of the Court of Common Pleas, where evidence was presented both by the defendant and on behalf of the State of Michigan. Whereupon, there was filed in said court an entry reciting that the cause came on to be heard upon the return of the warrant issued by the Governor to the sheriff; the sheriff having the defendant in custody, and was submitted to the court upon extradition papers, and the evidence and argument.

Upon proof adjudged by the court to be sufficient, it was ordered that Douw L. Sanders be committed to the jail of Franklin County; that notice be given to the agent of the Governor of Michigan; and that certain costs be deposited.

Whereupon a motion for a new trial was filed, and upon consideration, overruled.

It is recited that the court specifically finds that the orders are not in contravention of §§1 and 16 of Article I of the Constitution of the State of Ohio, or of §2 of Article 4, or of the Fourteenth Amendment to the Constitution of the United States.

Thereupon Sanders gave notice of appeal, and his bond was fixed.

Twenty-four grounds of error are asserted by defendant in his motion for new trial.

The assignment of errors set out in this court include allegations that the court was without jurisdiction in that no warrant issued by the Governor appears among the papers or was offered in evidence; that the demand for extradition is defective, in not being accompanied by certain papers set out in detail; that if the court had jurisdiction it refused to hear the charge within the meaning of §114 GC in certain particulars set out in detail; that the judgment of the court is in contravention of certain sections of the Constitution of Ohio and of the United States; and finally that the court upon motion should have discharged Douw L. Sanders.

The papers attached to the bill of exceptions and the basis of the requisition are (1) the requisition of the Governor of Michigan upon the Governor or Ohio; (2) the opinion of the Attorney General of

Michigan that the application is in due form; (3) the application of the Prosecuting Attorney of Grand Traverse County, Mich'gan, to the Governor of Michigan, for the arrest of Douw L. Sanders, charged with the offense, and the designating of the proper agent, with the certificate that they have no private interest in the arrest of the fugitive, and that in the opinion of the Prosecuting Attorney, the ends of justice required that Sanders be brought to the State for trial; that he believes that he has sufficient evidence to secure his conviction; and that the application is not made for the purpose of enforcing a debt, or for any private purpose whatever, and that the criminal proceedings shall not be used for such objects. Accompanying the application are the certified copies of proofs on which the complaint was issued, and a copy of the complaint and affidavits showing the connection of Douw L. Sanders with the crime, and a statement that he had been found in the State of Ohio; (4) the certified copy of the complaint filed before a justice of the peace of Traverse City, Michigan; (5) a certified copy of the warrant issued to the sheriff of Grand Traverse County, Michigan, for the arrest of defendant, with the certificate that it appears that an offense has been committed by Sanders; on this copy of the warrant appears the certificate of the Clerk of Court that the Justice of the Peace had authority to issue the warrant, and that the Prosecuting Attorney was the Prosecuting Attorney of the county; (6) the original affidavit of Margaret L. Kennedy, charging the indecent act, together with an affidavit that information had been received that the defendant was held in Columbus, and several other certificates showing authority of officers acting, and the affidavit of the Prosecuting Attorney.

The proceeding is had by virtue of §§108-118, GC, which provide in substance that on demand the Governor when authorized by the Constitution of the United States, may deliver to the executive authority of another state a person charged therein with treason, felony, or other crime committed therein. The demand must be accompanied by sworn affidavits that the party charged is a fugitive from justice, and that the demand is made in good faith for the punishment of crime, and accompanied by a duly attested copy of an indictment or information or complaint, or affidavit to the facts constituting the offense charged by persons having actual knowledge thereof.

It is further provided that the demand shall be accompanied with a statement of the Prosecuting Attorney of the proper county, setting forth the facts of the case, the reputation of the party or parties asking the requisition, and whether in his opinion the requisition is sought in good faith.

If the Governor decides to comply with the demand for the surrender of the person charged, he shall issue a warrant to the sheriff of the county in which the person so charged may be found, commanding him to arrest and bring such person before a judge of the Supreme Court, Court of Appeals or the Common Pleas Court, to be examined on the charge.

Sec 114, GC, provides that upon the return of the warrant by the sheriff with the person in custody the judge before whom the person is brought shall proceed to hear and examine the charge. Upon proof by him adjudged sufficient, he shall commit such person to the jail, and notify the executive authority making such demand.

The right of one state to demand and the duty of another to award extradition of fugitives rests primarily upon §2 of Article 4 of the Constitution of the United States, which provides:

"A person charged in any State with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of the State from which he fled, be delivered up, to be removed to the State having jurisdiction of the crime."

Sec 9633 of the United States Statute provides in substance:

"Whenever the executive authority of any state or territory demands any persons as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate, of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from where the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive making the demand

as to the agent appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear."

It will be observed that the provisions of the Federal Statutes do not require the detail of information or of procedure required by our State Statutes, and it might first appear that if the Federal Statutes were complied with that that would be sufficient, inasmuch as the Federal law is supreme.

With this background, we will examine the errors asserted by counsel for defendant. Necessarily the examination must be brief as there are many errors enumerated.

### I. (A)

That the court was without jurisdiction in that no warrant issued by the Governor appears among the original papers. The statute provides that the Governor under certain conditions shall issue a warrant to the sheriff commanding him to bring the person before a judge. There is no requirement that such a warrant be produced at the hearing. Very infrequently is the summons of the sheriff in civil cases, or the warrant in criminal cases produced in court. The warrant is issued to authorize and direct the sheriff to produce the person before the judge, and when he has done this the function of the warrant is terminated; and there is no requirement that it be produced as a matter of evidence.

### (B)

That the demand or requisition is defective in that it is not accompanied—

(1) By the sworn evidence that Douw L. Sanders was a fugitive from justice.

The requisition of the Governor states that Douw L. Sanders was charged with a crime, and it was represented that he has fled from the State of Michigan to Ohio. This requisition was not sworn to, but it was accompanied by the application for the requisition made by the Prosecuting Attorney of the county in which the offense was alleged to have been committed. This application of the Prosecuting Attorney states that the defendant was charged with a crime; that the agents appointed have no private interest in the arrest of the fugitive, and it is further certified that justice

requires that the criminal be brought to the state for trial; that the application is not made for the purpose of collecting a debt, etc. This application is sworn to by the Prosecuting Attorney before the Justice of the Peace whose signature has been attested by the Clerk of the Court, whose authority has further been attested by the judge of the court.

We are of the opinion, therefore, that there was sworn evidence that Douw L. Sanders had committed a criminal offense, and was a fugitive to the state of Ohio. This is indicated both by the demand of the Governor of Michigan and the application of the Prosecuting Attorney.

That he was a fugitive further appears from the warrant issued by the magistrate commanding his arrest; that he was lodged in the State of Ohio appears from the affidavit of Leo Van Conant.

(2) This objection is met by the application signed by the Prosecuting Attorney.

(3) It is asserted that there is no attested copy of the indictment or information, etc. Among the papers filed are a copy of the affidavit of Margaret L. Kennedy, signed on the 6th day of May, 1936, certified as a correct copy by the Justice of the Peace before whom it was originally made, and there is also what appears to be an original affidavit of Margaret L. Kennedy, dated the 3rd day of June, 1936, and sworn to before a notary whose authority is attested by the clerk of the court. Those two affidavits, one a copy and one an original, each set out with sufficient detail the crime with which the defendant is charged.

But it is asserted that none of these copies are properly attested under the Federal Act, which requires the certificate of the judge "that the attestation is in due form."

We think there is no requirement of the statute that there be any particular form of attestation of the clerk with the certificate of the judge, as provided by Federal Statutes. We are suported in this by the case of **Ex Parte Sheldon, 34 Oh St 319,** wherein it is held:

"The certificate of authentication provided for in §5278 of the United States Revised Statutes (1027) is not required to be in any particular form, and where the language employed by the demanding governor in the requisition shows the copy of an

indictment annexed thereto to be authentic, it is sufficient."

The matter is discussed at length on page 324 of the report, where the conclusion is reached:

"All that can be required is, that the language employed by the demanding governor, in the requisition, understood in its ordinary meaning, shows that the copy of the indictment upon which the requisition is made is genuine."

We think this case is conclusive of the matter.

(4) This alleged defect is covered by the statement of the Prosecuting Attorney, heretofore referred to.

(5) It is asserted that there is no statement from the Prosecuting Attorney setting forth the reputation of the party or parties making the requisition.

We have been unable to find any such direct statement touching the reputation of the parties. It is not made clear who does ask for the requisition, whether the Governor, the Prosecuting Attorney, or the prosecuting witness.

The Prosecuting Attorney's statement lacking in this respect, we will lay this matter aside for the moment.

(6) That is sufficiently answered by the statement of the Prosecuting Attorney, heretofore referred to herein.

## II. (A and B)

It is complained that if the court had jurisdiction it refused to hear the charge as provided by statute, in this: That the court refused to require the State of Michigan and the State of Ohio to offer any evidence. The evidence offered were the papers attached to the requisition, and these made a prima facie case.

Counsel assert that the position taken by the court required the defendant to go forward with the evidence before any was offered by the State, and urges that the "proof" required by §114, GC, should not be furnished by the defendant; and counsel offers a number of authorities to sustain his position.

The Federal Statute does not require the hearing, and apparently the hearing in Ohio is provided for the benefit of the accused, to give him an opportunity to show that he should not be returned in answer to the requisition, for any reason pertinent, among which might be mistaken identity, proof that he never was in the State from which he is alleged to be a fugitive; that he did not flee from that state, that he was sought to be taken back for ulterior and improper purposes, or any other reason that might cause the examining judge to dismiss him. If he preferred to remain silent, the papers in due form from the sister state would make the prima facie case upon which the judge might base his decision.

It might very well be and often is the fact that those brought before a judge on a warrant issued by the Governor are not represented by counsel, and make no claim or defense of any kind. If counsel's claim is correct, in all such cases before the fugitive could be surrendered, there must be oral evidence in addition to the properly executed papers. This is not the rule followed and is not the law.

If the defendant wished to remain mute he could have done so, or if he wished to introduce evidence that was his privilege. We do not think that any of the cases cited contradict this.

### (C)

This alleged error runs to the weight of the evidence.

The young girl who made the affidavit in Michigan, upon which the requisition was based, when she appeared before the judge in Franklin County completely reversed her position and asserted that the defendant did not perform the acts to which she had formerly sworn; she asserted that she signed the affidavits through coercion, threats, and over-persuasion.

There was evidence before the judge in Franklin County of witnesses contradicting the statement of the girl as to the condition under which she signed the affidavit; this matter was for the judge to determine, and this court will not disturb his conclusion.

### III.

This is based upon the claim that the judgment of the judge was not sustained by sufficient evidence.

We have carefully read the testimony adduced before the judge, and while it does appear that the young woman now asserts that the affidavit that she made was false, and produced as a result of threats, over-persuasion, and promises, as before stated, this is a matter for the examining judge.

The judge is not obliged to hear and determine whether or not the party charged

is guilty of the offense in the ▮▮▮ sister state but only whether or not the sister state has shown prima facie evidence, and has supported its requisition with proper formalities.

### IV.

It is asserted that the holding of the court is in contravention of §§1 and 16 of **Article I of the Constitution of Ohio**, and §2 **of Article IV**, and the Fourteenth Amendment to the Federal Constitution.

One need but read these sections to be impressed with the fact that they are not offended by the order of the judge.

There are a number of interesting cases involving extradition. In **Work v Corrington, 34 Oh St 64**, it is held:

"If the Governor of one state makes a requisition on the Governor of another state for the surrender of a fugitive from justice, and the case is shown to be within the provisions of the constitution of the United States and the act of Congress on the subject, no discretion is vested in the latter Governor, but it is his imperative duty to issue his warrant of extradition.

"2. If a warrant for the surrender of a fugitive from justice is obtained·in a case in which it should not have been issued, the Governor may revoke it, whether issued by himself or his predecessor."

This is a very interesting case historically, and is well worth close reading. We think it is quite pertinent to that portion of our discussion which we postponed for further consideration, namely, that the application is defective because it was not accompanied by (4) "a statement in writing from the Prosecuting Attorney of the proper county, setting forth the reputation or reputations of the parties asking the requisition."

As before pointed out, we were unable to discover a statement of the Prosecuting Attorney having any reference to the reputation of any party connected with the case, except so far as it might flow from the judge that the defendant was guilty. But we can not bring ourselves to believe that the failure of such a trivial statement invalidates the entire proceedings, when they were carried on in harmony with the Constitution of the United States and the Federal Statutes.

Indeed, we are of the opinion that even though there may have been a wider departure from the Ohio Statute than is shown, yet if the proceeding is clearly within the Federal Statute, that it would have been sufficient.

We would invite attention to **Sheldon v McKnight, 34 Oh St 316, and Ex Parte Sheldon, 34 Oh St 319**, to which reference has heretofore been made. The Sheldon case is so near that at bar as to be particularly interesting.

We find no error in the ·record justifying the discharge of the prisoner.

Appeal dismissed; cause remanded.

BARNES, PJ, and HORNBECK, J, concur.