Ex parte KAUFMAN
(39 N. W.2d 905)

(File No. 9044. Opinion filed November 28, 1949)

**Parker & Parker,** Deadwood, attorneys for Appellant.

**Sigurd Anderson,** Atty. Gen., **William J. Flittie,** Asst. Atty. Gen., **John M. Burritt,** Deputy District Atty., Monterey County, Salinas, Cal., **Larry D. McDonald,** State's Atty., Lawrence County, Deadwood, attorneys for Respondent.

HAYES, J. By an application for a writ of habeas corpus appellant sought to test the validity of a warrant of arrest issued by His Excellency, The Honorable George T. Mickelson, Governor of this state. The basis for such warrant was a demand by the Governor of the State of Californ-

ia for the arrest and surrender of appellant as a fugitive from justice of that state. In support of said demand it appears that·appellant, now living in this state, is charged in California with willful child desertion and that under the law of that state such offense is made a felony if the same is committed by a father not in California at the time of the desertion. Also as a part of such support it is alleged that appellant while in this state committed acts intentionally resulting in a crime in California. The record further discloses beyond dispute that appellant, while residing in that state, provided for the support of his minor children and that the desertion with which he is now charged occurred subsequent to his leaving California and coming to this state in July, 1946.

Appellant's amended application for the writ assails the validity of the extradition warrant upon the grounds (1) that the same fails to recite appellant's presence in the State of California at the time of the commission of the offense charged and his subsequent fleeing from that state; (2) that said warrant fails to substantially recite the facts necessary to the validity of its issuance, and (3) that the Governor of this State lacked authority to recognize the demand for the extradition of the applicant. The application sets forth also appellant's reasons for leaving California and coming to this state and pleads that his failure to provide for his minor children was not willful and was not without lawful excuse. Other matters therein alleged we omit to mention as the same to us appear to be unrelated to the assignments of error argued here. This appeal is from the order of the trial court dissolving the writ and remanding appellant to the custody of the arresting officer.

Under the assignment of error first argued by appellant it is contended that the warrant under review is insufficient in recitals to meet the requirement of the last clause of SDC 34.1707, i. e., that "the warrant must substantially recite the facts necessary to the validity of its issue." Specifically, as we understand appellant's position respecting this point, he asserts that to be valid the warrant of arrest should have contained a recital to the effect that appellant is charged "with committing an act in this state, * * * in-

tentionally resulting in a crime in the state" of California. The words last quoted are expressions found in SDC 34.-1706, the section of our code which authorizes the Governor of this state to surrender a person in this state charged with the commission of an act as therein specified. Except for the subsequent amendment thereof in 1933, this section first became a part of our law upon the adoption of the Uniform Criminal Extradition Act by the state legislature in 1929.

The recitals of the warrant here questioned are as follows: "Whereas, His Excellency Earl Warren, Governor of the said State of California, has demanded of the Governor of this State Victor Kaufman Charged with the crime of Failure to Provide for Minor Children as a fugitive from justice from the State of California and has complied with the requirements of the Act of Congress in such case made and provided; and the State of South Dakota." Therefrom it appears that appellant is sought "as a fugitive from justice" and that the Governor of California "has complied with the requirements of the Act of Congress", etc. From the form of the warrant it is obvious that the same was prepared for use only in complying with demands for fugitives from justice within the meaning of the federal extradition law. The words added thereto indicating anything more or different are found in the phrase "and the State of South Dakota."

It is conceded by respondent that appellant is not a "fugitive from justice" as that term has been repeatedly defined in cases arising under Title 18 U.S.C.A. § 662, now Title 18 U.S.C.A. § 3182. This concession disposes of appellant's first point stated above and leaves for our determination the sole question whether the warrant now outstanding substantially recites the facts necessary to the validity of its issue.

█ It is wholly clear to us that the surrender of appellant is sought under SDC 34.1706 and not as a person who was present in the demanding state at the time of the commission of the alleged crime and who thereafter fled from the justice of that state. SDC 34.1705. In the latter case it is the duty of the Governor to issue a warrant of extra-

dition under the provisions of federal law as well as under those of our code. SDC 34.1702. In such case the person to be surrendered, the factual showing being sufficient, is delivered to the demanding state as a fugitive from justice, and he is so designated and known in law. Aside from and in addition to the declared duty of the Governor with respect to those characterized by law as fugitives from justice, discretionary power is by SDC 34.1706 vested in the Governor to surrender a person not so characterized but one charged "with committing an act in this state, * * * intentionally resulting in a crime in the state whose executive authority is making the demand; * * * notwithstanding that the accused was not in that state at the time of the commission of the crime, and has not fled therefrom." From this language we think the distinction readily appears and that the power granted by this section is to be exercised in those cases only which fall clearly within the provisions thereof. A fugitive from justice, as defined by both the federal law and our code, does not come within the purview of said section.

It is worthy of note that the criminal complaint upon which a warrant of arrest was issued in California alleges in substance appellant's willful failure while in South Dakota to provide for his minor children in California and specifically "which said acts on the part of said defendant intentionally resulted in the commission of the crime * * * in the State of California". It is observed also that the application to the Governor of California for a requisition upon the Governor of this state recites the facts as set forth in the criminal complaint. However, the requisition issued thereon asserts the commission of the offense in California, the flight of appellant from the justice of that state and his taking refuge in South Dakota. The demand for his rendition is made "pursuant to the provisions of the Constitution and laws of the United States" instead of pursuant to SDC 34.1706 as was doubtless intended, and as we think should have been done in this instance. The requisition is inconsistent with the factual showing upon which the same is predicated.

The question presented is one of first impression in

this state. Decisions of the courts of other juridictions reviewed by us include those reported in Commonwealth v. Heinz, 141 Pa.Super. 158, 14 A.2d 875; State v. Kriss, Md., 62 A.2d 568; People v. Britt, 187 Misc. 217, 62 N.Y.S.2d 479; Rice v. Magenheimer, 225 Ind. 441, 75 N.E.2d 906; Videan v. State, 68 Idaho 269, 194 P.2d 615; Ex parte Morgan, 86 Cal.App.2d 217, 194 P.2d 800, and in the cases referred to in the opinion last cited. Other cases bearing upon the question are cited in 35 C.J.S., Extradition, § 10, footnote 78. Aware of the apparent conflict of views respecting the procedure to be employed in seeking an extradition under SDC 34.1706 and like statutes, we are nonetheless satisfied that appellant is not a fugitive from justice and that he is not subject to extradition as such. Under a somewhat similar factual showing the Supreme Court of Florida in Ennist v. Baden, 158 Fla. 141, 28 So.2d 160, so held, and we think rightly.

■ Although appellant's objection to the warrant may be regarded as more or less technical, of substantial concern is his right under the law to be dealt with in a manner befitting the established facts. The requirement of SDC 34.1707 that the warrant substantially recite the facts necessary to the validity of its issue contemplates a service of process from which a party charged as appellant may learn, among other things, that the Governor has in fact exercised the discretion with which he is clothed under SDC 34.1706. We think we must recognize the declared distinction and sustain appellant in his asserted stand that he be surrendered, if he is to be extradited, not as a fugitive from justice, but as provided by the section of our code last cited.

■ ■ The proceeding we review was instituted by appellant "to test the legality of the arrest" as provided by SDC 34.1710. Absent a warrant of arrest as the law requires in an instance of this kind, the sheriff or other arresting officer is without lawful authority to deprive a person of his liberty and to thereafter pass him on to an agent for removal from the state.

Our conclusions are that the outstanding warrant is insufficient and that the order appealed from should be re-

versed and the cause remanded with directions to discharge appellant from custody under said warrant. It is so ordered.

SMITH, P. J., and SICKEL and RUDOLPH, JJ., concur.

ROBERTS, J. (dissenting). SDC 34.1707 provides that "If the Governor shall decide that the demand should be complied with, he shall sign a warrant of arrest * * *; and the warrant must substantially recite the facts necessary to the validity of its issue." It would appear that this section intends a recital in substance of jurisdictional facts referred to in SDC 34.1703, which reads as follows: "No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affivadit made before a magistrate there, together with a copy of any warrant which was issued thereon. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy must be authenticated by the executive authority making the demand, which shall be prima facie evidence of its truth." The Governor's warrant does not show on its face that these requirements were complied with, and if only such warrant had been offered in evidence the order below would not have been justified, but a consideration of the entire record in my opinion shows that the trial court committed no error in discharging the writ.

The warrant in question was delivered to the sheriff of Lawrence County. Appellant was arrested and was immediately taken, as required by the provisions of SDC 34.-1710, before the judge of the circuit court of that county. The court entered an order fixing a time within which to apply for a writ of habeas corpus to test the legality of his arrest and admitting appellant to bail. He then filed a petition seeking a writ of habeas corpus against the sheriff of Lawrence County and the sheriff of Monterey County, California, who had been appointed by the Governor of the

demanding state to return appellant to that state. Respondents made returns exhibiting copies of the requisition issued by the Governor of California with accompanying documents and of the extradition warrant issued pursuant to the provisions of SDC 34.1705. This is the warrant issued to the agent of the demanding state. When the application for discharge came on to be heard appellant testified at length on his own behalf and much of his testimony bears upon his claimed innocence of the crime with which he is charged. The court made an order reciting that appellant was legally held and discharged the writ.

It appears from the requisition for extradition and accompanying documents that appellant was charged in the State of California with the crime of failure to provide for minor children in a criminal complaint subscribed and sworn to before a justice of the peace in that state. The criminal complaint and accompanying documents were duly certified as authentic by the Governor of California. The complaint charges that defendant "being then and there the father of Eileen Kaufman, age 12 years, and Darrel Kaufman, age 10 years, did willfully and unlawfully and without lawful excuse omit and refuse to furnish said minor children with necessary food, clothing and medical care. That during the aforesaid period of time the defendant has remained out of the State of California, for a period in excess of 30 days. That during the time hereinbefore stated, when the defendant willfully, unlawfully, and feloniously omitted and refused to furnish said minor children with necessary food, clothing and medical care, the said defendant was in the State of South Dakota; and that while said defendant was in the State of South Dakota, as hereinbefore stated, the said defendant did willfully, unlawfully and feloniously, and without lawful excuse, omit and refuse to furnish said minor children with the necessary food, clothing and medical care, which said acts on the part of said defendant intentionally resulted in the commission of the crime of failure to provide for minor children in the State of California; and that the said defendant now is in the State of South Dakota." The warrant of extradition recites that the demand upon which it is issued "is

accompanied by the copy of a Complaint charging said Victor Kaufman with having committed the crime of failure to provide for minor children the same having been certified to be authentic by the Governor of said State of California."

It is argued that because appellant is described as a "fugitive from justice" in the Governor's warrant of arrest and in the requisition he cannot be returned to California as he was not in that state when the alleged crime or some overt act in its furtherance was committed. The undisputed evidence is that appellant is not a fugitive from justice within the meaning of constitutional and statutory provisions governing interstate extraditon, but it appears from the requisition and accompanying documents submitted to Governor Mickelson and upon which his judgment in honoring the requisition was based that appellant is charged with an act committed in this state intentionally resulting in a crime in the State of California. The right of extradition is asserted under the provision of SDC 34.-1706 which reads as follows: "The Governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in section 34.1705 with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand; and the provisions of this chapter not otherwise inconsistent shall apply to such cases, notwithstanding that the accused was not in that state at the time of the commission of the crime, and has not fled therefrom." The validity of these provisions extending the right of interstate extradition beyond the right provided by the United States Constitution, § 2, Art. IV, and Act of Congress, 18 U.S.C.A. § 662, is not questioned.

As before pointed out, following his arrest appellant was brought before Judge Rentto and was accorded the constitutional and statutory, SDC 34.1710, right to test in the courts of this state the validity of the extradition proceedings. The question of his right to a discharge has been fully submitted and determined. The purpose of that inquiry was not to determine his guilt or innocence of the

crime with which he is charged, but to inquire into alleged jurisdictional defects amounting to want of legal authority for his detention. In view of the sufficiency and legality of the proceedings upon which the Governor's warrant of arrest and the extradition warrant were issued, it cannot be reasonably said that appellant has been prejudiced because the warrant for his arrest did not substantially recite all facts necessary to authorize its issuance. 39 C.J.S., Habeas Corpus, § 39, note 89; see also State v. Hanley, 250 Wis. 374, 27 N.W.2d 373; Ex Parte Cupp, 129 Tex.Cr.R. 25, 84 S.W.2d 731; In re Sanders, Ohio App., 31 N.E.2d 246. In the majority opinion reversal is sought to be justified on the ground that the Governor being vested with discretion under the state procedure may now decide that appellant should not be extradited. The authority of the Governor is not limited to a refusal to act. He may revoke a rendition as long as the accused is still within the state. 35 C.J.S., Extradition, § 16(e). In State ex rel. Nisbett v. Toole, 69 Minn. 104, 72 N.W. 53, 54, 38 L.R.A. 224, 65 Am.St.Rep. 553, the court said: "If a governor may exercise such a discretion in regard to issuing the warrant, we do not see why he may not exercise the same discretion in regard to revoking it; and, if he does revoke it, his reasons for so doing can no more be inquired into than his reasons for refusing to issue it in the first instance. The existence of the power to revoke would seem necessary, in order to prevent great abuses and wrongs. A warrant is, of necessity, almost always issued ex parte, and the governor is liable to be imposed upon by those demanding it, or, for some other cause, to issue it improvidently. It would seem that in such cases the same officer who had the exclusive power to issue the warrant should have the power to remedy the wrong by revoking it. Of course, to be effective for any purpose, the warrant must be revoked before the alleged fugitive is taken out of the state." The Governor in granting, refusing or revoking a rendition interprets his duty under the law and his actions cannot be controlled by the courts. The only question within the field of judicial inquiry is whether jurisdictional facts authorizing extradition properly appear from the requisition and accompanying

documents. In accord with these principles and the adjudicated cases, I would affirm the order below discharging the writ.