STATE of Minnesota, Respondent,

v.

Boyd Bradley REINKE, Appellant.

No. C8–86–1023.

Court of Appeals of Minnesota.

Dec. 30, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka Co., Atty., Anoka, for respondent.

Steven A. Piklaja, Minneapolis, for appellant.

Considered and decided by HUSPENI, P.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## MEMORANDUM OPINION

LANSING, Judge.

This appeal is from the trial court's order discharging a writ of habeas corpus in an extradition proceeding. We affirm.

## FACTS

Boyd Reinke was indicted by a Texas grand jury with two counts of felony theft in violation of Texas Criminal Code art. 31.03 for offenses committed in Bexar County, Texas, on December 4, 1984, and February 18, 1985. Both indictments involve allegations of a swindling scheme in which Reinke entered into contracts to perform landscaping, collected substantial downpayments, and fled the jurisdiction without performing the work.

Reinke was arrested in Anoka County, Minnesota. Texas filed a fugitive complaint, and Reinke declined to waive extradition. The governor of Texas issued a requisition warrant, and the governor of Minnesota issued a rendition warrant.

Reinke filed a petition for a writ of habeas corpus, asserting that the extradition process was being used to collect a private debt. After a hearing on the petition, the trial court denied Reinke's petition for a writ of habeas corpus and ordered his extradition to Texas.

## DECISION

Texas demands extradition of Reinke for a crime allegedly committed while Reinke was physically present in Texas. *See* Minn.Stat. § 629.03.

Reinke does not dispute his presence in Texas or the sufficiency of the criminal charge, but contends the extradition is improper as an attempt to collect a civil judgment, citing *State ex rel. Walker v. Ramsey County District Court*, 368 N.W.2d 28 (Minn.Ct.App.1985).

In *Walker* extradition was sought under § 629.03 (accused present in the demanding state at the time the alleged crime was committed but subsequently fled the state), but the allegations satisfied only § 629.06 (accused not present in the demanding state but charged with committing an act which resulted in a crime in the demanding state). We read *Walker* to stand for the proposition that a rendition warrant is insufficient on its face if it incorrectly describes a person as a fugitive from justice under § 629.03 when the person is not charged with committing an act while physically present in the demanding state. The additional discussion in *Walker* on the use of extradition for collection of private debts is not dispositive and we do not consider it controlling. *See State ex rel. Wagner v. Hedman,* 292 Minn. 358, 360, 195 N.W.2d 420, 421–22 (1972); *State ex rel. Fowler v. Langum,* 126 Minn. 38, 147 N.W. 708 (1914).

The extradition warrant in this case shows that Reinke has been charged with a crime in Texas. The indictment fulfills the requirement of stating facts which constitute an offense in the state from which the requisition comes. *See State ex rel. O'Malley v. O'Connor,* 308 Minn. 243, 36 N.W. 462 (1888). It is well settled that when the requisition is "valid on its face, there is no right on habeas corpus to try the question of good faith or ulterior motive." *Fowler,* 126 Minn. at 42, 147 N.W. at 710. Minnesota is not the proper jurisdiction to inquire into guilt or innocence of the accused; this can only be determined within the demanding state. *Wagner,* 195 N.W.2d at 422–23.

Affirmed.