STATE of Minnesota, ex rel. Julie Ann ARTHURS, Appellant,

v.

Donald OMODT, Hennepin County Sheriff, Respondent.

No. C3-86-1026.

Court of Appeals of Minnesota.

Jan. 20, 1987.

William R. Kennedy, Hennepin County Public Defender, Warren R. Sagstuen, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Michael Richardson, Asst. Co. Atty., Minneapolis, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and LANSING and NIERENGARTEN, JJ.

## OPINION

LANSING, Judge.

Julie Arthurs appeals the trial court's denial of her writ of habeas corpus. We affirm.

## FACTS

The State of Montana charged Julie Arthurs with the felony of Deceptive Practices in violation of Montana Code 45–6–317(1)(a). By proper application, Montana requested extradition from Minnesota, and Arthurs was arrested in Minnesota and charged as a fugitive from justice under Minn.Stat. § 629.13.

The facts underlying the Montana charge are set out in the extradition application:

In April or May, 1985 Miss Arthurs reported to her landlord, Vernon Steinert,

that she was having some problems with vandals and was in need of a telephone. She was unable to open an account of her own with the phone company and Steinert assisted her by putting a phone in the residence in his name with the stipulation that no long distance phone calls be made on this telephone. This was agreed to by Miss Arthurs. The phone bills were sent to the residence of Miss Arthurs but in the name of Mr. Steinert and when he asked her about the phone bills, Miss Arthurs told Mr. Steinert that she was paying them. Then in October, 1985, Miss Arthurs moved out of the residence without notifying Mr. Steinert. When Mr. Steinert learned she had gone, he checked the mailbox and found a phone bill in the amount of $943.82, which included numerous long distance phone calls. He attempted to locate her at her mother's residence in Minnesota, and did, in fact, reach her to request payment of the phone bill. When said payment was not forthcoming as Miss Arthurs promised it would be, Mr. Steinert contacted the local authorities as he had never authorized Miss Arthurs' use of the telephone, that Miss Arthurs had requested his assistance in receiving, for long distance phone calls.

Arthurs petitioned for writ of habeas corpus. The petition was denied on May 15, 1986. The denial was stayed on June 19, 1986, to allow Arthurs to appeal.

## ISSUE

Did the trial court properly discharge Arthurs' petition for writ of habeas corpus?

## ANALYSIS

Montana seeks extradition of Arthurs for a crime alleged to have been committed while Arthurs was physically present in Montana. Arthurs does not directly dispute the sufficiency of the criminal charge, but argues that the purpose of the extradition proceedings against her is to collect a private debt and that the court has discretion to inquire into the motive of the pro-

ceedings under *State ex rel. Walker v. Ramsey County District Court*, 368 N.W.2d 28 (Minn.Ct.App.1985).

We have previously considered and rejected a similar claim in *State v. Reinke*, 398 N.W.2d 53 (Minn.Ct.App.1986). It has long been settled that the demand for extradition must state facts which constitute an offense in the state from which the requisition comes. *State ex rel. O'Malley v. O'Connor*, 38 Minn. 243, 36 N.W. 462 (1888). The Constitution of the United States, Art. 4, § 2, ¶ 2; Minn.Stat. § 629.-02; and case law require that extradition papers must contain a "charge of crime." *Pierce v. Creecy*, 210 U.S. 387, 404, 28 S.Ct. 714, 719, 52 L.Ed.2d 1113 (1908). However, the case law is equally clear that the asylum state (Minnesota) may not inquire into the guilt or innocence of the accused; this can only be determined in the demanding state. *State ex rel. Wagner v. Hedman*, 292 Minn. 358, 361, 195 N.W.2d 420, 422 (1972).

> The only safe rule is to abandon entirely the standard to which the indictment must conform, judged as a criminal pleading, and consider only whether it shows satisfactorily that the fugitive has been in fact * * * charged with crime in the state from which he has fled.

*Pierce*, 210 U.S. at 402, 28 S.Ct. at 718. *See also State ex rel. Fowler v. Langum*, 126 Minn. 38, 41–42, 147 N.W. 708, 710 (1914) (courts will not review whether charges were brought in bad faith for purpose of insuring payment of civil debt).

The extradition warrant in this case properly shows that Arthurs has been charged with a crime in Montana. The warrant is supported by affidavits. Minnesota is not the proper jurisdiction to inquire into the good faith or motivation behind the charge. The trial court properly denied the writ of habeas corpus.

## DECISION

Affirmed.

CRIPPEN, Judge, concurring specially.

Appellant's opposition to extradition is premised singularly on evidence that Montana authorities are not acting in good faith to enforce a criminal statute but are using criminal process with a design to abandon the case at whatever point they successfully recover payment of a private debt. This is precisely the claim of bad faith that came before the supreme court in *State ex rel. Fowler v. Langun,* cited in the majority opinion.

I agree that the trial court in habeas corpus proceedings cannot go behind the exercise of executive discretion to examine whether extradition is sought in good faith to seek the conviction of an alleged offender. *Fowler,* 126 Minn. at 41, 147 N.W. at 710.

It does not follow and it cannot be inferred from a decision on this rule of law that executive authorities in Minnesota can wisely or fairly proceed without inquiry on the purpose of requests for extradition.

The use of criminal process to enforce private obligations is inappropriate. It is frequently at odds with the constitutional freedom of Minnesota citizens from imprisonment for debt. Minn. Const. art. I, § 12. In the exercise of discretion by police and prosecutors and by the governor (*see Fowler,* 126 Minn. at 41, 42, 147 N.W. at 710) inquiry is appropriately made in Minnesota on the good faith or motivation behind a foreign request for fugitive proceedings and extradition.